State Of West Virginia

*v.*

William Richard Dobbs

(No. 15261)

Decided February 11, 1982.

*Brent E. Beveridge* for appellant.

*Chauncey H. Browning*, Attorney General *and Homer A Speaker*, Assistant Attorney General, for appellee.

NEELY, JUSTICE:

Appellant William Richard Dobbs was found guilty of entering without breaking after a jury trial before the Circuit Court of Marion County.

During the pre-dawn hours of 15 July 1979, two officers of the Fairmont Police Department were called to investigate a disturbance at the Belmont Motor Lodge in Fairmont. Upon arriving at the motel, the officers looked across the boulevard into the Hills Plaza where the State Liquor Store was located. The officers noticed three individuals in front of the State store carrying boxes. The officers then drove over towards the liquor store without their headlights on. When they were about twenty-five to thirty feet away from the building that housed the liquor store, they turned on the headlights. With the lights on one of the officers recognized William Richard Dobbs, whom he had gotten to know before this incident, standing beside a vehicle that was later found to contain five stolen, unopened cases of liquor.

Mr. Dobbs and another individual then ran and jumped over an embankment into a wooded area. One of the officers gave chase. Before losing track of them, the pursuing officer, who had not known Dobbs previously,

observed that one of the fleeing men was wearing black slacks and a lavender shirt. Some fifteen minutes later police spotted the appellant walking along a road wearing slightly soiled black slacks and a lavender shirt. When questioned, Mr. Dobbs explained to the police that he had been fishing in a creek near the shopping center. This story later proved to be false.

After a three day trial in August 1980 the jury returned a verdict of guilty of entering without breaking. The trial court then denied the appellant's motion for a presentence investigation and denied any consideration of probation. As justification for these rulings, the court stated that the offense was committed in a "very blatant manner" and a "very cavalier manner." The court then sentenced the appellant to one to ten years in the State Penitentiary.

The appellant has appealed on the basis of two assignments of error: (1) that the evidence was insufficient to justify the verdict, and (2) that the court erred in denying the appellant's motion for a presentence investigation.

I

In a criminal case, the standard of review applicable to the question of sufficiency of the evidence is that found in syllabus point 1 of *State v. Starkey*, 161 W.Va. 517, 244 S.E.2d 219 (1978):

> In a criminal case, a verdict of guilt will not be set aside on the ground that it is contrary to the evidence, where the State's evidence is sufficient to convince impartial minds of the guilt of the defendant beyond a reasonable doubt. The evidence is to be viewed in the light most favorable to the prosecution. To warrant interference with a verdict of guilt on the ground of insufficiency of evidence, the court must be convinced that the evidence was manifestly inadequate and that consequent injustice has been done.

In the case of *State v. Craft*, ____ W.Va. ____, 272 S.E.2d 46 (1980), this Court upheld a conviction for breaking and

entering even though there were no witnesses to the crime and no pieces of evidence found at the scene to connect the defendant to the crime. However, the defendant was seen at the scene a few hours before the crime and was identified as being a man carrying a valise that was later found to contain tools taken during the crime. Another stolen tool was subsequently found in the defendant's automobile. We concluded that the corroborating evidence in *Craft* was sufficient to sustain the conviction for breaking and entering.

In the present case the direct and circumstantial evidence is also sufficient to sustain the appellant's conviction. He was recognized at the scene of the crime during the crime. Immediately upon being spotted he ran from the area and jumped over an embankment into a wooded area. He was found a short while later wearing soiled clothes. He also gave an alibi that turned out to be untrue. Given the test in *Starkey* and the overwhelming circumstantial evidence in this case we cannot say that "the evidence was manifestly inadequate and that consequent injustice was done."

## II

With respect to the second assignment of error, we find that the trial court did abuse its discretion in failing to give the appellant, who has no previous felony convictions, an opportunity to present his case for probation. Therefore, we remand this case so that a presentencing report may be made and a sentencing hearing held. Since the appellant has been out on bail pending appeal, we direct that the trial court give the appellant the benefit of any demonstrated improvement in his behavior during that time. However, nothing in this opinion should be taken to mean that a prison sentence is prohibited in this case.

*Remanded.*