Larry Gene MILLER, Plaintiff in Error,

v.

The STATE of Oklahoma, Defendant in Error.

No. A–16926.

Court of Criminal Appeals of Oklahoma.

Nov. 3, 1971.

Rehearing Denied Jan. 25, 1972.

Mac Oyler, Oklahoma City, for plaintiff in error.

Larry Derryberry, Atty. Gen., Jeff L. Hartmann, Asst. Atty. Gen., for defendant in error.

BUSSEY, Presiding Judge:

Larry Gene Miller, hereinafter referred to as defendant, entered a plea of guilty in the District Court of Oklahoma County, Oklahoma to the offense of Burglary in the Second Degree, and received a three (3) year suspended sentence on January 27, 1970. Said suspended sentence was ordered revoked on May 14, 1971, and from said order of revocation, a timely appeal has been perfected to this Court.

The sole contention of error asserts that the defendant's conviction in federal court was based upon illegally seized evidence; therefore, it cannot form the basis for revocation of defendant's suspended sentence. At the Revocation Hearing, the State introduced a certified copy of a federal court's judgment, which stated that the defendant was convicted by jury of the offense violating the provisions of Title 26 U.S.C., § 5861(d) and § 5871, by possessing an unregistered firearm. The defendant called two police officers, who were involved in stopping the defendant's car and seizing the firearm in question, thereby attempting to establish an illegal search and seizure. We are of the opinion that the defendant may not at this time collaterally attack the judgment of the federal court. In Brown v. State, Okl.Cr., 354 P.2d 790, we stated:

"A final judgment and sentence pronounced by a court having jurisdiction of the person of the subject matter, and authority under law to enter the same, is sufficient to constitute the basis for revocation of a prior suspended sentence and *is not subject to collateral attack.*" (Emphasis added)

In the recent case of Phillips v. State, Okl.Cr., 483 P.2d 759, we stated:

"We decline to hold that a suspended sentence cannot be revoked until such time as the offense which was the basis of the revocation is appealed and affirmed."

In conclusion, we observe that the defendant knew and understood the terms of his suspended sentence as set forth by the

trial court, that a subsequent federal conviction was a valid basis to reflect that he violated the terms thereof and, that the proceedings at the Revocation Hearing were conducted with fundamental fairness to the defendant; and, for those reasons, the order revoking the suspension of the judgment and sentence appealed from is affirmed.

BRETT, J., concurs.