STATE OF WEST VIRGINIA

*v.*

ROY GOFF

(No. 14898)

Decided November 17, 1981.

*Gerald Merceruio* for appellant.

*Chauncey H. Browning,* Attorney General, *and Dana Davis,* Assistant Attorney General, for appellee.

PER CURIAM:

Roy Goff appeals from an order of the Circuit Court of Webster County revoking his probation contending the circuit court erred in not granting him a preliminary probation revocation hearing and further that the court's order insufficiently stated the facts upon which its decision was based. We disagree and affirm.

Goff originally entered a plea of guilty on a charge of unlawful wounding, and the higher charge of malicious wounding was dropped. He was placed on three years probation on July 11, 1977. The terms of Goff's probation, *inter alia,* required that he obey all municipal state, and federal laws for the duration of his three year probation. While on probation in 1978 Goff was twice convicted of public intoxication and once convicted of reckless driving. None of these convictions were appealed.

In November of 1978, the State filed a petition to revoke probation and to execute Goff's sentence. Probationer was notified and did appear at a hearing on this petition held November 27, 1978. At that hearing the court appointed counsel for the probationer, and set December 1, 1978 as the date for a final hearing. Goff was released on $500 bond, pending final hearing. The parties agree that no hearing was held on December 1, and that no reason for the absence of a hearing appears in the record.

On January 4, 1979, counsel appointed for probationer appeared before the circuit court and requested that, due to a conflicting interest, he be allowed to withdraw. The court granted this request, and appointed new counsel, who represented Goff thereafter.

No further action was taken in this matter until September 10, 1979, when a final hearing was held. After this hearing, a final order executing sentence was entered, and this appeal followed. We turn now to defendant's assignments of error.

The test for the effect of denial of a preliminary hearing in a probation revocation proceeding was set forth in *Ostrander v. Wilt*, ___ W.Va. ___, 262 S.E.2d 420 (1980), and has been reiterated recently in *State v. Dawson*, ___ W.Va. ___, 282 S.E.2d 284 (1981). We employ a balancing test:

> "In determining whether a preliminary hearing for an alleged probation violation has been held without unreasonable delay, three factors should be considered: (1) the length of and reason for the delay; (2) the probationer's assertion of his right; and, (3) the prejudice to the defendant." *State ex rel. Ostrander v. Wilt*, Syllabus Point 1.

Probationer's right to a preliminary hearing is asserted for the first time on this appeal. No prejudice is alleged to have resulted from the failure to have a preliminary hearing, and indeed, Goff was free on bond pending final hearing. In view of the facts in this case, any error in regard to the preliminary hearing was harmless beyond a reasonable doubt. Consequently, it did not affect the defendant's substantial rights and we decline to reverse because of the failure to hold a preliminary hearing.

Goff also alleges that the trial court failed to comply with the mandate of *Louk v. Haynes*, 159 W.Va. 482, 223 S.E.2d 780 (1976), that it set forth "a written statement . . . as to the evidence relied on and reason for revoking probation or parole." *Louk v. Haynes*, 223 S.E.2d at 790. In its order executing sentence, the court made the following statement:

> ". . . the State had sufficiently proved the allegations contained in said petition and the defendant having been found guilty of the various charges, to-wit, reckless driving and two charges of public intoxication, by the unappealed convictions as is revealed by the testimony and records in this action. The Court further was of the opinion that the defendant was disregarding the condition of his suspende (sic) sentence, which was that the defendant comply with the rules and regulations of probation."

We are of the opinion that the order sufficiently relates the evidence relied on and the court's reasons for revoking probation.

Accordingly, we affirm the judgment of the Circuit Court of Webster County.

*Affirmed.*