PRICE, Judge.
Defendant obtained a writ of review in this matter seeking reversal of the trial court’s ruling revoking his probation. We affirm.
The defendant, a white male, 19 years of age, pled guilty on January 19, 1981, to the charge of simple burglary of a Radio Shack located in Minden, Louisiana. On May 11, 1981, defendant was sentenced to three years at hard labor. The execution of that sentence was suspended and defendant was placed on three years active probation subject to certain special conditions. On August 20, 1981, defendant received the court’s permission to live with his parents in Arkansas.
On May 14,1982, a petition for cause was filed by defendant’s probation officer alleging defendant to be in violation of the conditions of his probation due to his recent felony burglary and theft conviction, also obtained pursuant to a guilty plea, in Arkansas. On August 2, 1982, the district court for Webster Parish ordered defendant’s probation revoked and required him to serve the sentence originally imposed. Defendant obtained a writ of review from that ruling and is presently before this court asserting two assignments of error.
ASSIGNMENT NO. 1
On June 11,1982, over defendant’s objection of improper certification, the trial court allowed the state to file into evidence an original copy of the transcript of the Arkansas proceeding in which defendant received his second conviction. That document is certified by the official court reporter of that Arkansas court in the usual and customary manner as follows:
“CERTIFICATE
I, Elizabeth Atha McAlister, official court reporter for the Ninth Judicial Circuit West of Arkansas, do hereby certify that the above and foregoing pages constitute a full, true, and correct transcrip *401 tion of the proceedings had and done in the cause as styled and set forth on the first page.
I further certify that such testimony was taken by me on the 11th day of January, 1982, and reduced to typewritten form by me.
WITNESS my hand this the 4th day of June, 1982.
s/ Elizabeth Atha McAlister
Elizabeth Atha McAlister
Court Reporter”
That certificate, which appears on the last page of the transcript, is the only authentication the document in question received before being sent to Louisiana. On August 2, 1982, the trial court ruled the transcript was admissible and consequently revoked defendant’s probation. Defendant assigns the admission of that document as reversible error. For the following reasons, we find this assignment to be without merit.
The essence of defendant’s contention, as expressed in his brief, is this: “There is no certificate of the Clerk of Court, the Judge, or of anyone else verifying the fact that Elizabeth Atha McAlister is in fact the Court Reporter or verifying the fact that these matters are under the general powers vested in her.”
Were this case an ordinary criminal prosecution, the defendant would be correct in contending that additional authentication would be required to render this original document admissible. State v. Day, 410 So.2d 741 (La.1982) and authorities cited therein. However, in probation revocation hearings “... formal procedures and rules of evidence are not employed.” State v. Davis, 375 So.2d 69 (La.1979) at p. 72. See also Gagnon v. Scarpelli, 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973). As the court in Morrissey v. Brewer, 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972), stated:
“We emphasize there is no thought to equate this second stage of ... revocation to a criminal prosecution in any sense. It is a narrow inquiry; the process should be flexible enough to consider evidence including letters, affidavits, and other material that would not be admissible in an adversary criminal trial.” 92 S.Ct. at 2604.
“Probation revocation, like parole revocation, is not a stage of a criminal prosecution, but does result in a loss of liberty.” Gagnon, 93 S.Ct. at 1759-60.
Therefore, while due process does apply to revocation hearings, its requirements in those proceedings are less stringent. Gagnon; Morrissey, supra. These relaxed standards of due process are justified by the following realization:
“Revocation deprives an individual, not of the absolute liberty to which every citizen is entitled, but only of the conditional liberty properly dependent on observance of special ... restrictions.” Morrissey, 92 S.Ct. at 2600.
In deciding whether or not a formal, evidentiary rule normally applicable in a criminal prosecution should be relaxed in a probation revocation hearing, one should determine if the policy behind the rule would be sufficiently served by its application to such a hearing so as to outweigh any resulting impediment to the probation process. State v. Davis, supra. In this instance we feel that strict adherence to the formal rules governing authentication of documents would serve no useful purpose. In reaching this decision, we are not unmindful that even the deprivation of conditional liberty must be based upon a sufficiently certain factual basis. In Gagnon this idea was expressed in these words:
“Both the probationer or parolee and the State have interests in the accurate finding of fact and the informed use of discretion — the probationer or parolee to insure that his liberty is not unjustifiably taken away and the State to make certain that it is neither unnecessarily interrupting a successful effort at rehabilitation nor imprudently prejudicing the safety of the community.” 93 S.Ct. at 1761.
The requirement of authentication is designed to guard against fraud, collusion or fabrication of evidence. McCormick On Evidence, second edition, § 218 (1972). In the *402 case at bar, the transcript has been certified by the official court reporter as a “... full, true, and correct transcription of the proceedings ...” in Arkansas. It is also apparent from that certification that the reporter was present at and had personal knowledge of those proceedings upon which to found her certification. The defendant makes no allegation of innocence, invalidity or mistaken identity with respect to' the second conviction and advances no claim of fraud, collusion or fabrication on the part of the state. His only claim is that there should be additional certification to render this document admissible. Under these circumstances, in which the underlying facts set forth in the transcript are not contested, requiring additional authentication would do nothing to further establish the genuineness or veracity of the document and would only serve to unnecessarily hamper the workings of the probation process. As the court in Gagnon pointed out, in probation revocation hearings, “... due process is not so rigid as to require that the significant interests in informality, flexibility and economy must always be sacrificed.” 93 S.Ct. at 1763. Therefore, we hold the transcript was properly admitted.
ASSIGNMENT NO. 2
Defendant contends the trial court erred in considering his failure to testify to refute the existence of the Arkansas conviction in making its decision to revoke his probation. Assuming the trial court drew such an inference, which is by no means clear from the record, no reversible error resulted since we have found that the transcript, which sets forth adequate grounds for the revocation of defendant’s probation, was properly admitted. Therefore, no further discussion of this assignment is warranted.
DECREE
For the foregoing reasons, the order of the trial court revoking defendant’s probation is AFFIRMED.