360 S.E.2d 232

**STATE of West Virginia**

v.

**Tony HOLCOMB.**

**No. 17175.**

Supreme Court of Appeals
of West Virginia.

July 22, 1987.

---

Robert Schulenberg, III, Asst. Atty. Gen., for appellant.

Carrie L. Newton, Daniel C. Taylor, Goodwin & Goodwin, Ripley, for appellee.

McGRAW, Chief Justice.

This is an appeal by the appellant, Tony Holcomb, from a final order of the Circuit Court of Jackson County, entered June 27, 1985, which revoked the probation imposed upon his conviction of the offense of breaking and entering and sentenced him to imprisonment in the penitentiary for a period of not less than one nor more than ten years. The appellant challenges the validity of the revocation proceedings and of the sentence imposed. We find no error warranting reversal of the probation revocation, but we remand the case for resentencing.

The facts of this case are essentially undisputed. On March 31, 1983, the appellant pled guilty to a charge of breaking and entering in the Circuit Court of Jackson County. By order entered August 12, 1983, the trial court suspended imposition of sentence and placed the appellant on probation for a period of three years. In

April 1984, the appellant's probation was extended for an additional two years.

On September 26, 1984, the appellant was arrested in connection with an armed robbery which occurred in Parkersburg, Wood County during his probationary period. On March 7, 1985, the appellant was convicted, after a jury trial in the Circuit Court of Wood County, of the felony of aggravated robbery. By order dated May 7, 1985, the Circuit Court of Wood County sentenced the appellant to ten years' imprisonment in the penitentiary and ordered him remanded to the custody of the Department of Corrections.

Meanwhile, arrest warrants had been issued in Jackson County on April 3, 1985, charging the appellant with violating his probation. Shortly after sentence was imposed by the Circuit Court of Wood County, the appellant was transferred to the Jackson County jail and, on May 23, 1985, was served with notice of a hearing to revoke his probation on the ground that he had been subsequently convicted of a felony.[1]

On June 3, 1985, the date set for the final revocation hearing in the Circuit Court of Jackson County, the appellant's court-appointed attorney moved to dismiss the proceedings because there had been no preliminary revocation hearing. The court denied the motion on the ground that the appellant's detention in the Jackson County jail did not result in any deprivation of liberty which would entitle him to such a hearing. The final revocation hearing was continued on the motion of defense counsel and again on motion of the State. Defense counsel's motion for a transcript of the criminal proceedings in Wood County was denied.

On June 26, 1985, the final revocation hearing was conducted. The evidence consisted primarily of the orders of conviction

---

1. The notice also alleged that the appellant had violated the terms of his probation by consuming alcoholic beverages, failing to pay court costs and restitution, possessing a deadly weapon and to file a written report of activities. The first three of these charges were subsequently dismissed by the circuit court for failure of proof. The final charge was not ruled upon by the court and forms no part of this appeal.

and commitment entered by the Circuit Court of Wood County in the aggravated robbery case and the testimony of probation officers from both counties who identified the appellant as the person convicted of that crime. Upon this evidence, the circuit court revoked the appellant's probation.

Defense counsel thereupon moved that the appellant's sentence for the breaking and entering conviction run concurrently with the sentence for the robbery conviction and requested a later sentencing date to present evidence from the appellant's former employer in mitigation of punishment. The court held that a further hearing was unnecessary and imposed a sentence of imprisonment in the penitentiary for not less than one nor more than ten years for the crime of breaking and entering, such sentence to run consecutively with the sentence imposed by the Circuit Court of Wood County. This ruling was reduced to a final order entered June 27, 1985. It is from this order that the appellant prosecutes this appeal.

I.

The appellant's first contention on appeal is that the lower court erred in denying his motion for a preliminary revocation hearing. He contends that the failure to conduct a preliminary hearing amounts to a denial of due process and renders the proceedings against him void.

■ In *Louk v. Haynes*, 159 W.Va. 482, 223 S.E.2d 780 (1976), we recognized that the due process clause of the Fourteenth Amendment of the United States Constitution requires a probationer who is arrested for violating the conditions of his probation to be afforded both a prompt preliminary hearing and a final revocation hearing. *See Gagnon v. Scarpelli*, 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973); *Morrissey v. Brewer*, 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972). We have also recognized, however, that the failure to afford a probationer a prompt preliminary hearing does not, in all circumstances, require reversal of an order revoking probation.

"Most courts which have dealt with the failure to accord a probationer or parolee a prompt preliminary hearing focus on whether any prejudice has resulted. Unless prejudice can be shown which affects the integrity of the final revocation hearing, it will not be reversed." [Citations omitted.] *State v. Dawson*, 168 W.Va. 101, 282 S.E.2d 284, 286 (1981). *See also State v. Goff,* 168 W.Va. 285, 284 S.E.2d 362 (1981). In other words, in the absence of a showing of prejudice to the substantial rights of the probationer, an order revoking probation will not be reversed for failure to hold a prompt preliminary revocation hearing.

■ Here, no prejudice was alleged to have resulted from the failure to conduct a preliminary revocation hearing. The appellant had already been committed to the custody of the Department of Corrections upon his conviction of aggravated robbery in the Circuit Court of Wood County. Since the appellant would have been lawfully incarcerated regardless of the outcome of the probation revocation proceedings, his detention in the Jackson County Jail pending the final revocation proceeding involved no deprivation of liberty. The appellant was afforded notice of the grounds upon which revocation was sought and an opportunity to present evidence in his behalf at the final revocation hearing. The fact of the appellant's subsequent felony conviction was not disputed at any time.

In view of the facts of this case, we must conclude that the failure to conduct a preliminary hearing did not result in any prejudice to the appellant. To reverse the revocation order and remand the case for new revocation proceedings in order to afford the appellant a new preliminary hearing would be a meaningless gesture at this stage. *See United States v. Basso*, 632 F.2d 1007 (2d Cir.1980), *cert. denied*, 450 U.S. 965, 101 S.Ct. 1480, 67 L.Ed.2d 613 (1981); *United States v. Sutton*, 607 F.2d 220 (8th Cir.1979); *Collins v. Turner*, 599 F.2d 657 (5th Cir.1979); *Lambur v. Chew*, 356 F.Supp. 751 (E.D.Va.1973); *People v. Gladdis*, 77 Mich.App. 91, 257 N.W.2d 749

(1977); *Pearson v. State*, 308 Minn. 287, 241 N.W.2d 490 (1976); *Ewing v. Wyrick*, 535 S.W.2d 442 (Mo.1976); *State v. Ellefson*, 334 N.W.2d 56 (S.D.1983). Accordingly, we decline to reverse the judgment of the circuit court on this ground.

## II.

The appellant next contends that the lower court erred in refusing his motion for a transcript of the proceedings in Wood County. The appellant asserts that the failure to provide him with a transcript amounted to a denial of due process in that it deprived him of the opportunity to challenge the testimony, evidence, procedures and findings upon which his conviction was based and to prepare a defense against revocation on the ground that the conviction was invalid.

It is well-settled that a defendant who has been convicted of a crime is entitled to a transcript of the proceedings against him for purposes of effectively prosecuting an appeal from such conviction and that the failure to provide such transcript, upon a timely request therefor, violates due process. *Mayle v. Ferguson*, 174 W.Va. 430, 327 S.E.2d 409 (1985); *Rhodes v. Leverette*, 160 W.Va. 781, 239 S.E.2d 136 (1977); *State ex rel. Johnson v. McKenzie*, 159 W.Va. 795, 226 S.E.2d 721 (1976). Where the defendant is indigent, his right to a free transcript for appeal purposes is guaranteed by statute,[2] as well as by the state and federal constitutions. *See, e.g., Mayle v. Ferguson, supra; State v. Moore*, 166 W.Va. 97, 273 S.E.2d 821 (1980); *State ex rel. Tune v. Thompson*, 151 W.Va. 282, 151 S.E.2d 732 (1966).

Probation revocation proceedings are not, however, part of a criminal prosecution, and are not subject to the same strict procedural requirements attendant to a criminal trial. *State v. Cooper*, 167 W.Va. 322, 280 S.E.2d 95 (1981); *Sigman v. Whyte*, 165 W.Va. 356, 268 S.E.2d 603 (1980). *See also State v. Fraley*, 163 W.Va. 542, 258 S.E.2d 129 (1979). Where revocation is sought on the ground that the probationer has committed another offense in the course of the probationary period, the standard of proof is by a clear preponderance of the evidence and not the proof beyond a reasonable doubt required in a criminal trial. *State v. Ketchum*, 169 W.Va. 9, 289 S.E.2d 657 (1981); *Sigman v. Whyte, supra.* Because a probation revocation proceeding does not involve a determination of the probationer's guilt or innocence of a subsequent crime, it follows that the mere fact of a criminal conviction, after a trial at which the probationer was entitled to the full panoply of rights guaranteed a criminal defendant, is, in and of itself, sufficient evidence of a probation violation to warrant revocation of probation. *United States v. Feinberg*, 631 F.2d 388 (5th Cir.1980); *People v. Robinson*, 43 Cal.2d 143, 271 P.2d 872 (1954); *State v. Roberson*, 165 Conn. 73, 327 A.2d 556 (1973); *People v. Davis*, 65 Ill.2d 157, 2 Ill.Dec. 572, 357 N.E.2d 792 (1976); *Hoffa v. State*, 267 Ind. 133, 368 N.E.2d 250 (1977); *State v. Woods*, 215 Kan. 295, 524 P.2d 221 (1974); *Hutchinson v. State*, 44 Md.App. 182, 407 A.2d 359 (1979); *State v. Zachowski*, 53 N.J.Super. 431, 147 A.2d 584 (1959). *See generally Annot.*, 76 A.L.R.3d 588 (1977).

Of course, the final revocation hearing must afford the probationer certain minimal procedural protections. In *Louk v. Haynes, supra*, we outlined the requirements of due process in such proceedings:

> " '(a) written notice of the claimed violations of [probation or] parole; (b) disclosure to the [probationer or] parolee of

---

**2.** W.Va. Code § 51–7–7 (1981 Replacement Vol.) provides, in pertinent part:

> In any case wherein an indigent person has filed a notice of intent to seek an appeal or writ of error ..., the court, or judge thereof in vacation, upon written request of such convicted person or his counsel, presented within sixty days after the entry of such judgment, shall, by order entered of record, authorize and direct the court reporter to furnish a transcript of the testimony and proceedings of the trial, or such part or parts thereof as such convicted person or his counsel shall have indicated in his request to be necessary, to the convicted person, without charge to him, for use in seeking his appeal or writ of error....

evidence against him; (c) opportunity to be heard in person and to present witnesses and documentary evidence; (d) the right to confront and cross-examine adverse witnesses (unless the hearing officer specifically finds good cause for not allowing confrontation); (e) a "neutral and detached" hearing body such as a traditional parole board, members of which need not be judicial officers or lawyers; and (f) a written statement by the fact finders as to the evidence relied on and reasons for revoking [probation or] parole.' *Morrissey v. Brewer, supra,* [92 U.S.] at 489 [92 S.Ct. at 2604]." *Gagnon v. Scarpelli, supra,* at 786, 93 S.Ct. at 1761–62. 159 W.Va. at 497, 223 S.E.2d at 790.

*See also State v. Fraley, supra; Watson v. Whyte,* 162 W.Va. 26, 245 S.E.2d 916 (1978). It is generally held, however, that a probationer has no right to use the revocation proceedings to attack the validity of an intervening conviction. *See Reese v. United States Board of Parole,* 530 F.2d 231 (9th Cir.), *cert. denied,* 429 U.S. 999, 97 S.Ct. 525, 50 L.Ed.2d 609 (1976); *Pope v. Chew,* 521 F.2d 400 (4th Cir.1975); *United States v. Garza,* 484 F.2d 88 (5th Cir.1973); *Buckelew v. State,* 48 Ala.App. 418, 265 So.2d 202, *cert. denied,* 409 U.S. 1060, 93 S.Ct. 558, 34 L.Ed.2d 512 (1972); *People v. Clements,* 72 Mich.App. 500, 250 N.W.2d 100 (1976); *Miller v. State,* 492 P.2d 669 (Okla.Crim.App.1971), *cert. denied,* 409 U.S. 888, 93 S.Ct. 137, 34 L.Ed.2d 145 (1972). As the Supreme Court stated in *Morrissey v. Brewer:*

We have no thought to create an inflexible structure for parole revocation procedures. The few basic requirements set out above, which are applicable to future revocations of parole, should not impose a great burden on any State's parole system. Control over the required proceedings by the hearing officers can assure that delaying tactics and other abuses sometimes present in the traditional adversary trial situation do not occur. *Obviously a parolee cannot relitigate issues determined against him in other forums, as in the situa-*

*tion presented when the revocation is based on conviction of another crime.* (Emphasis added) 408 U.S. at 490, 92 S.Ct. at 2604–2605.

The conclusion we reach is that a probation revocation proceeding is not intended to serve the function of an appeal from an intervening criminal conviction. Where revocation is based solely on a subsequent conviction of a criminal offense, the probationer should be entitled to attack the conviction on the grounds that he was not the person convicted, that the offense of which he was convicted was other than the one specified as a probation violation, or that the probation violation report or petition is inaccurate or contains misinformation. *See In re Edge,* 33 Cal.App.3d 149, 108 Cal.Rptr. 757 (1973). In addition, the probationer is entitled to present evidence of facts and circumstances in mitigation of punishment. *See State v. Ruby, supra; Buckelew v. State, supra; People v. Clements, supra.* The probationer is not entitled, however, to turn the probation revocation hearing into a second trial on the merits or a full-blown appeal of the subsequent conviction. As a consequence, his right to a transcript of the intervening criminal proceedings must be resolved by reference to the purpose for which it is sought.

Here, the probationer's request for a transcript was unaccompanied by any specific assertion of error in the underlying criminal proceedings. No evidence was presented relating to the substance of the intervening offense at the final revocation hearing, and, indeed, at the final revocation hearing counsel for the appellant sought to exclude any such evidence. The State relied solely on the fact that the appellant had been convicted of a felony in the Circuit Court of Wood County while on probation and proved that fact by sufficient evidence. *See, e.g., United States v. Gentile,* 610 F.2d 541 (8th Cir.1979); *Pope v. Chew,* 521 F.2d 400 (4th Cir.1975); *United States v. Miller,* 514 F.2d 41 (9th Cir.1975); *United States v. Carrion,* 457 F.2d 808 (9th Cir.1972); *State v. Ruby,* 650 P.2d 412

(Alaska App.1982); *Crawford v. State*, 166 Ga.App. 272, 304 S.E.2d 443 (1983); *State v. Pearson*, 424 So.2d 399 (La.App.1982). The appellant was afforded an opportunity to cross-examine the State's witnesses and to present evidence on the issues raised thereby. In these circumstances, we cannot say that the lower court's refusal to afford the appellant a transcript of his trial in the Circuit Court of Wood County constituted a violation of due process.

## III.

■ The appellant next contends that the lower court erred in ordering his sentence to run consecutively with the sentence imposed by the Circuit Court of Wood County. The appellant relies on the provisions of W.Va. Code § 61–11–21 (1984 Replacement Vol.):

> When any person is convicted of two or more offenses, before sentence is pronounced for either, the confinement to which he may be sentenced upon the second, or any subsequent conviction, shall commence at the termination of the previous term or terms of confinement, unless, in the discretion of the trial court, the second or any subsequent conviction is ordered by the court to run concurrently with the first term of imprisonment imposed.

The appellant contends that under this statute, the decision as to whether sentences for multiple offenses should run consecutively or concurrently is within the exclusive jurisdiction of the court before which the subsequent offense is tried, and that the Circuit Court of Jackson County was therefore without jurisdiction to order a consecutive sentence for the prior offense of breaking and entering.

We do not believe this statute is pertinent to the facts of this case. In *State ex rel. Yokum v. Adams*, 145 W.Va. 450, 114 S.E.2d 892 (1960), the Court held that the inclusion in W.Va. Code § 61–11–21 of the

phrase "before sentence is pronounced for either [offense]" rendered the statute inapplicable where the defendant had already been sentenced for the first offense prior to sentencing for the second offense. Although the facts in this case are reversed in that the sentence for the subsequent offense was imposed prior to the sentence for the prior offense,[3] the plain language of the statute would appear to render it equally inapplicable in these circumstances.

In the absence of an applicable statute, the sentencing court's authority to impose consecutive or concurrent sentences is derived from the common law. *State ex rel. Yokum v. Adams, supra.* In *Yokum*, the Court gave the following explanation of the common-law rules:

> "[I]n the absence of a statute to the contrary if an accused is convicted of more than one offense and sentences are imposed by the same court they will be construed as running concurrently unless it clearly appears that the court intended that the sentences should run consecutively. [citing to 70 A.L.R. 1512, and 15 Am.Jur. *Criminal Law* § 465] ... While we are not concerned with the question in this case, *it is the view of courts constituting the weight of authority that a court may make a sentence imposed by it cumulative to that of a sentence imposed by another court* although there is substantial authority to the contrary. 57 A.L.R.2d 1412, 1427. (Emphasis added) 145 W.Va. at 454, 114 S.E.2d at 896.

Probation revocation proceedings are governed by W.Va. Code § 62–12–10, which provides, in pertinent part: "If it shall ... appear to the satisfaction of the court or judge that any condition of probation has been violated, the court or judge may revoke the suspension of imposition or execution of sentence, impose sentence if none has been imposed, and order that sentence be executed." In interpreting similar statutory provisions along with the common-

---

**3.** The circuit court here suspended imposition of sentence at the time probation was granted and did not actually order a sentence of impris-

onment for the offense of breaking and entering until probation was revoked in June 1985.

law rules regarding consecutive sentencing, a number of jurisdictions have held that a lower court has the power to order a sentence imposed or executed for violation of probation to run consecutively with a sentence imposed for an intervening crime. *United States v. Wingender*, 711 F.2d 869 (9th Cir.1983); *United States v. Lustig*, 555 F.2d 751 (9th Cir.1977), *cert. denied*, 434 U.S. 1045, 98 S.Ct. 889, 54 L.Ed.2d 796 (1978); *People v. Lorenzo*, 644 P.2d 50 (Colo.App.1981); *Kaylor v. State*, 285 Md. 66, 400 A.2d 419 (1979).

■ The appellant contends, however, that the imposition of consecutive sentencing in this case violates principles of double jeopardy. The Double Jeopardy Clause of the Fifth Amendment prohibits the infliction of multiple punishments for the same offense. *State v. Oldaker*, 172 W.Va. 258, 304 S.E.2d 843 (1983); *State ex rel. Betts v. Scott*, 165 W.Va. 73, 267 S.E.2d 173 (1980); *Keith v. Leverette*, 163 W.Va. 98, 254 S.E.2d 700 (1979). The appellant here argues that permitting the court revoking probation to order the original sentence of imprisonment to run consecutively to the intervening sentence would result in an increased punishment.

In *Adams v. Circuit Court of Randolph County*, 173 W.Va. 448, 317 S.E.2d 808 (1984), we rejected a similar argument in the case of a parolee who was convicted of a subsequent offense while on parole. When parole was revoked, the parole board ordered the parolee to serve the remainder of his original sentence before the commencement of the subsequent sentence which was ordered by the sentencing court to run consecutively with his prior conviction. In holding that the statute authorizing such action did not violate double jeopardy principles we held:

> Adams is being punished for two separate criminal offenses. The punishment continues on the first indeterminate sentence of one-to-ten years as a result of his parole revocation. The second sentence is for the new felony of receiving stolen property. Thus, he is not being punished twice for the same offense.

*See Missouri v. Hunter*, 459 U.S. 359, 103 S.Ct. 673, 74 L.Ed.2d 535 (1983); *Albernaz v. United States*, 450 U.S. 333, 101 S.Ct. 1137, 67 L.Ed.2d 275 (1981). 317 S.E.2d at 811–812.

The same rule obtains in probation revocation proceedings. *United States v. Olivares-Martinez*, 767 F.2d 1135 (5th Cir. 1985); *Tritt v. State*, 625 P.2d 882 (Alaska App.1981).

It is evident that the enhanced sentence in this case arose from the appellant's subsequent conviction for aggravated robbery. "Consecutive sentences are an appropriate mechanism for imposing a distinct punishment for each of two criminal acts." *United States v. Lustig*, 555 F.2d at 753. Accordingly, we conclude that the consecutive sentence imposed did not violate the prohibition against double jeopardy.

### IV.

■ The appellant's final assignment of error concerns the trial court's refusal to order a delay in sentencing to allow the appellant to present evidence in mitigation of punishment in the form of a written statement from his former employer. The appellant relies on W.Va.R.Crim.P., Rule 32(a)(1), which provides, in pertinent part:

> Sentence shall be imposed without unreasonable delay. Before imposing sentence the court shall
>
> \*      \*      \*      \*      \*      \*
>
> (B) afford counsel an opportunity to speak on behalf of the defendant; and
>
> (C) address the defendant personally and ask him if he wishes to make a statement in his own behalf and to present any information in mitigation of punishment.

We have recognized that this provision confers a right of allocution upon one who is about to be sentenced for a criminal offense. *State v. Thompson*, 176 W.Va. 300, 342 S.E.2d 268 (1986). *See also State v. Carper*, 176 W.Va. 309, 342 S.E.2d 277 (1986).

The State concedes that the circuit court did not afford the appellant this right, but

asserts that the error was harmless because no lesser sentence of imprisonment was available to the appellant. Accordingly, the State argues that there was no prejudice to the appellant in the court's denial of the continuance for the purpose of offering evidence of mitigation.

We disagree. Although the circuit court's discretion in sentencing the appellant was restricted to some extent by statute,[4] it was, as we have just seen, within the court's discretion to impose concurrent sentences. We believe that the court's admitted failure to afford the appellant an opportunity to present evidence of mitigating circumstances warranting imposition of concurrent sentences was clear error which invalidated the sentencing process.

The failure of the circuit court to follow the proper sentencing procedure does not affect the validity of the probation revocation. In such circumstances, the appropriate disposition is to remand the case to the circuit court for resentencing. *State v. Thompson, supra; State v. Williams,* 172 W.Va. 295, 305 S.E.2d 251 (1983); *State v. Buck,* 170 W.Va. 428, 294 S.E.2d 281 (1982). Upon remand the circuit court should afford the appellant the right of allocution.

For the reasons stated, herein, the judgment of the Circuit Court of Jackson County is reversed, and the case is remanded to that court for further proceedings in accordance with the principles set forth in this opinion.

Affirmed, in part; Reversed, in part, and remanded.

---

4. W.Va. Code § 61–3–12 prescribes the penalty for breaking and entering as confinement in the penitentiary for "not less than one nor more than ten years."

W.Va. Code § 62–12–10 provides, in pertinent part:

"If, despite a violation of the conditions of probation, the court or judge shall be of the opinion that the interests of justice do not require that the probationer serve his sentence, the court or judge may, except when the violation was the commission of a felony, again release him on probation." In *State ex rel. Hanley v. Hey,* 163 W.Va. 103, 255 S.E.2d 354, *cert. denied,* 444 U.S. 928, 100 S.Ct. 269, 62 L.Ed.2d 105 (1979), we held that this provision precludes a court from continuing the probation of one later convicted of a crime.