478 S.E.2d 759

**STATE of West Virginia, Plaintiff Below, Appellee,**

v.

**Ronald Alex WEST, Defendant Below, Appellant.**

**No. 23361.**

Supreme Court of Appeals of West Virginia.

Submitted Sept. 11, 1996.

Decided Oct. 15, 1996.

Gary L. Rymer, Middlebourne, for Appellant.

Victor S. Woods, Assistant Attorney General, Charleston, for Appellee.

PER CURIAM:

This appeal was granted solely on the question of whether the defendant was prop-erly accorded his right of allocution pursuant to the West Virginia Rules of Criminal Procedure prior to the imposition of sentence upon him during a sentencing hearing which was conducted on June 25, 1993. In its brief, the State concedes that the defendant was improperly denied his right of allocution and suggests that this Court set aside the defendant's sentence and remand him for resentencing after he has been properly accorded his right of allocution. After reviewing the documents filed, this Court concludes that theses actions would be appropriate in this case. The defendant's sentence is, therefore, set aside; he is remanded to the circuit court with directions that he be accorded his right of allocution and with further directions that he be resentenced after being accorded such right.

On June 8,1993, the defendant was found guilty of second-degree sexual assault by a jury in Marshall County, and on June 25, 1993, he was sentenced to from ten to twenty-five years imprisonment in the West Virginia State Penitentiary. At the sentencing hearing he was not accorded the right of allocution or the right to speak out in his own behalf.

■ The right of allocution is guaranteed to defendants in criminal proceedings by the West Virginia Rules of Criminal Procedure. The language, as in effect at the time of the defendant's sentencing, provides: [1]

(a) *Sentence.*—(1) Imposition of Sentence.—Sentence shall be imposed without unreasonable delay. Before imposing sentence the court shall

\* \* \* \* \* \*

(C) address the defendant personally and ask him if he wishes to make a statement in his own behalf and to present any information in mitigation of punishment.

1. The rule relating to allocution was amended effective January 1, 1996. It is now designated Rule 32(c)(3)(C) and provides:
    (c) Sentence.
    (3) Imposition of Sentence. Before imposing sentence, the court must:
    \* \* \* \* \* \*
    (C) address the defendant personally and determine whether the defendant wishes to make

a statement and to present any information in mitigation of sentence.
A comparison of the amended rule with the version in effect at the time of the defendant's sentencing shows that they are substantially identical, except that the new rule, which substitutes "must" for "shall", is more emphatic than the old rule.

In *State v. Holcomb,* 178 W.Va. 455, 360 S.E.2d 232 (1987), this Court discussed the right of allocution, and the Court, in syllabus point 6, concluded:

> Rule 32(a)(1) of the West Virginia Rules of Criminal Procedure confers a right of allocution upon one who is about to be sentenced for a criminal offense.

The Court also held that where a sentencing court fails to accord a defendant the right of allocution:

> [T]he appropriate disposition is to remand the case to the circuit court for resentencing. *State v. Thompson, supra* [176 W.Va. 300, 342 S.E.2d 268 (1986)]; *State v. Williams,* 172 W.Va. 295, 305 S.E.2d 251 (1983); *State v. Buck,* 170 W.Va. 428, 294 S.E.2d 281 (1982). Upon remand the circuit court should afford the appellant the right of allocution.

*State v. Holcomb, Id.* at 463, 360 S.E.2d at 240.

In the response filed in the present proceeding, the State of West Virginia states:

> The State concedes that the sentencing hearing conducted by the circuit court did not conform to the requirements of W.Va. R.Crim.P. 32(c)(3)(C), and that this case should be remanded for resentencing. It is well settled in this jurisdiction that a circuit court's failure to afford a defendant the right of allocution under Rule 32(c)(3)(C) requires a remand for resentencing.

The State concludes its response with a statement that this case should be remanded for resentencing.

While the confession of error by the State does not automatically entitle the defendant to a reversal,[2] as previously indicated, this Court has examined the record of the sentencing hearing conducted in this case, and the Court concludes, consistent with the representations of the State of West Virginia, that the defendant was not afforded his right of allocution at that hearing. The Court also believes that, in line with the authority cited, the defendant's conviction should be reversed and he should be remanded for resentencing. At such resentencing, the defendant should accorded the right of allocution.

For the reasons stated, the judgment of the Circuit Court of Marshall County is reversed, and this case is remanded for the resentencing of the defendant in accordance with the principles set forth herein.

Reversed and remanded with directions.

RECHT, J., sitting by temporary assignment.

---

**2.** Our law is clear that confession of error by the State does not automatically entitle the defendant to a reversal. *See State v. Walter,* 188 W.Va. 129, 423 S.E.2d 222 (1992); *State v. Julius,* 185 W.Va. 422, 408 S.E.2d 1 (1991); *State v. Tesack,* 181 W.Va. 422, 383 S.E.2d 54 (1989); and *State v. Cokeley,* 159 W.Va. 664, 226 S.E.2d 40 (1976).