480 S.E.2d 158

**STATE of West Virginia, Plaintiff Below, Appellee,**

v.

**George A. POSEY, Jr., Defendant Below, Appellant.**

No. 23256.

Supreme Court of Appeals of West Virginia.

Submitted Sept. 11, 1996.

Decided Nov. 15, 1996.

Victor S. Woods, Assistant Attorney General, Charleston, for Appellee.

Eric K. Powell, Powell Law Offices, Parkersburg, for Appellant.

PER CURIAM:

The appellant herein and the defendant below, George A. Posey, Jr., was convicted by a jury in the Circuit Court of Wood

County of unlawful assault and attempted voluntary manslaughter. The defendant was sentenced to a term of one-to-five years in prison on the unlawful assault conviction, and one year in the county jail for the voluntary manslaughter conviction, with the sentences to run consecutively. The defendant assigns as error the trial court's denial of his right to allocution during sentencing.[1]

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

The underlying facts of this case[2] are as follows: On July 22, 1993, the defendant rode with Andrea Gates and six other friends to Voshel's Furniture Store in Wood County.[3] While at the store, two of the individuals who accompanied the defendant and Ms. Gates stole tennis shoes from the store. Once the defendant and Ms. Gates left the store with their friends, several store employees attempted to prevent Ms. Gates from driving off. The record indicates the employees were aware that items were stolen from the store and were attempting to detain the car until law enforcement authorities arrived. In spite of the presence of a store employee standing in front of her car, Ms. Gates drove off, striking the employee with the car. In further efforts to flee the area, Ms. Gates again struck the same employee with her car. At the time of the second incident, the defendant had his left foot on the car's accelerator and his hands on the steering wheel. As a result of this incident, the defendant was indicted on charges of malicious assault, attempted murder, and petit larceny.[4]

On April 4, 1995, the defendant was tried before a jury. The jury returned a verdict of guilty of unlawful assault and attempted voluntary manslaughter. At the time of sentencing, counsel for the defendant requested that he be allowed to put on evidence in mitigation of the sentence. The trial court denied the request and sentenced the defendant to one-to-five years imprisonment on the unlawful assault conviction, and one year incarceration in the county jail on the second conviction. The sentences were ordered to run consecutively. The defendant now appeals the denial of his right to allocution during the sentencing hearing.[5]

## II.

## ANALYSIS

We begin with one of the most basic principles of criminal procedure law, a criminal defendant must be given notice and an opportunity to comment on matters relating to sentence. *Burns v. United States*, 501 U.S. 129, 137–138, 111 S.Ct. 2182, 2187, 115 L.Ed.2d 123, —— (1991); *State v. Holcomb*, 178 W.Va. 455, 360 S.E.2d 232 (1987). "Ancient in law, allocution is both a rite and a right. It is designed to temper punishment with mercy in appropriate cases, and to en-

---

1. The defendant asserted four assignments of error in his petition for appeal. However, this Court granted the petition for the above assignment of error only. The additional assignments of error were: (1) the trial court's refusal to strike for cause a prospective juror; (2) the trial court's refusal of all the defendant's proposed jury instructions and acceptance of the state's jury instructions without providing an opportunity for argument on them; and (3) the trial court's exclusion of impeachment evidence proffered by the defendant.

2. The Honorable Arthur M. Recht resigned as Justice of the West Virginia Supreme Court of Appeals effective October 15, 1996. The Honorable Gaston Caperton, Governor of the State of West Virginia, appointed him Judge of the First Judicial Circuit on that same date. Pursuant to an administrative order entered by this Court on October 15, 1996, Judge Recht was assigned to sit as a member of the West Virginia Supreme Court of Appeals commencing October 15, 1996 and continuing until further order of this Court.

3. Five of the companions were adults. The sixth person was an infant.

4. Ms. Gates was charged with the same offenses and with the additional charge of leaving the scene of an accident. Ms. Gates eventually pleaded guilty to petit larceny and leaving the scene of an accident.

5. The State confesses error in the denial of the defendant's right to allocution. We stated in note 6 of *State v. Todd Andrew H.*, 196 W.Va. 615, 619, 474 S.E.2d 545, 549 (1996), that "[m]ere confession by the State, of course, does not dictate the hand of this Court nor the outcome of this case." The decision reached in this case will be made based upon an analysis of the facts and the application of the law to those facts.

sure that sentencing reflects individualized circumstances. Furthermore, allocution 'has value in terms of maximizing the perceived equity of the process'...." *United States v. De Alba Pagan*, 33 F.3d 125, 129 (1st Cir. 1994). The applicable rule provides that before imposing sentence the court must "address the defendant personally and determine if the defendant wishes to make a statement and to present any information in mitigation of sentence." W.Va.R.Crim.P. 32(a)(1)(C). The right to allocution is an integral part of the sentencing process which, if not fully afforded to the defendant, requires a reversal of the sentence imposed. *See Green v. United States*, 365 U.S. 301, 304, 81 S.Ct. 653, 655, 5 L.Ed.2d 670, 673 (1961). This Court stated in Syllabus Point 6 of *Holcomb*:

> "Rule 32(a)(1) of the West Virginia Rules of Criminal Procedure confers a right of allocution upon one who is about to be sentenced for a criminal offense." [6]

*See*, Syl. Pt. 8, *State v. Thompson*, 176 W.Va. 300, 342 S.E.2d 268 (1986); *State v. Carper*, 176 W.Va. 309, 342 S.E.2d 277 (1986).[7] We held in *Holcomb* that the trial court's "admitted failure to afford the appellant an opportunity to present evidence of mitigating circumstances warranting imposition of concurrent sentences was clear error which invalidated the sentencing process." *Id.*, 178 W.Va. at 463, 360 S.E.2d at 240. In Syllabus Point 2

of *State v. Godfrey*, 170 W.Va. 25, 289 S.E.2d 660 (1981), this Court said:

> "A trial judge should, ordinarily, hear testimony regarding whether a defendant should be placed on probation if that defendant is statutorily eligible for such probation. The extent of such testimony, however, is within the sound discretion of the trial judge."

■ In *State v. Dobbs*, 169 W.Va. 284, 286 S.E.2d 918 (1982), this Court found that the failure of a trial court to give a defendant, who had no previous felony record, an opportunity to present a case for probation constituted reversible error, requiring reversal and a remand for resentencing. The failure of a trial court to follow the proper procedures for sentencing, however, does not affect the validity of the defendant's conviction. In similar situations, this Court has not reversed the conviction, but has remanded for resentencing. *See State v. Lawson*, 165 W.Va. 119, 267 S.E.2d 438 (1980); *State v. Bail*, 140 W.Va. 680, 88 S.E.2d 634 (1955); *State v. Self*, 130 W.Va. 515, 44 S.E.2d 582 (1947).

■ The record in this case does not indicate whether the defendant was eligible for probation consideration. But that is of no consequence here. The known mitigation in this case was the minimum six-month sen-

6. The pertinent provisions of Rule 32(a)(1) of the West Virginia Rules of Criminal Procedure provide:

> "Imposition of sentence.—Sentence shall be imposed without unreasonable delay. Before imposing the sentence the court shall
>
> \* \* \* \* \* \*
>
> "(B) afford counsel an opportunity to speak on behalf of the defendant; and
>
> "(C) address the defendant personally and ask him if he wishes to make a statement in his own behalf and to present any information in mitigation of punishment."

7. In addressing the federal counterpart to our Rule 32(a)(1), the United States Supreme Court made the following observations in *Green v. United States*, 365 U.S. 301, 304, 81 S.Ct. 653, 655, 5 L.Ed.2d 670 (1961):

> "The design of Rule 32(a) did not begin with its promulgation; its legal provenance was the common-law right of allocution. As early as 1689, it was recognized that the court's failure

to ask the defendant if he had anything to say before sentence was imposed required reversal. Taken in the context of its history, there can be little doubt that the drafters of Rule 32(a) intended that the defendant be personally afforded the opportunity to speak before imposition of sentence. We are not unmindful of the relevant major changes that have evolved in criminal procedure since the seventeenth century.... But we see no reason why a procedural rule should be limited to the circumstances under which it arose if reasons for the right it protects remain.... The most persuasive counsel may not be able to speak for a defendant as the defendant might, with halting eloquence, speak for himself. We are buttressed in this conclusion by the fact that the Rule explicitly affords the defendant two rights: 'to make a statement in his own behalf,' and 'to present any information in mitigation of punishment.' We therefore reject the ... contention that merely affording defendant's counsel the opportunity to speak fulfills the dual role of Rule 32(a)." (Citation omitted.)

tence on the attempted voluntary manslaughter conviction and/or having the two sentences run concurrently. During the sentencing proceeding, the following exchange occurred between the trial court and counsel for the defendant:

"COURT: All right. The court finds it has sufficient information without a presentence investigation report on this young man. There have been several before so I am going to proceed to sentencing.

"COUNSEL: Your honor, we would like to make a motion to delay sentencing.

"COURT: For what purpose?

"COUNSEL: To present evidence that concurrent sentences would be appropriate, your honor.

"COURT: No, sir.

"COUNSEL: We have some testimony, possibly from some State officials, indicating the benefit that Mr. Posey is providing the State, even though he is incarcerated. And we would like the opportunity to present that evidence to you, your Honor, at the time of sentencing.

"COURT: I don't think it is worth it. This fellow has a record that is growing, starting the first time that he came to this area from Maryland, and has never stopped.

"COUNSEL: Your Honor, he has been working with the State—

"COURT: But that does not have anything to do with sentencing in this case.

"COUNSEL: Your Honor, he should—

"COURT: Have the Defendant come forward. I am going to sentence him right now.

"COUNSEL: Your Honor, he should have some benefit of the doubt right now—

"COURT: (hammering his gavel) Have him come forward.

"COUNSEL:—regarding the benefit he is providing the State.

"COURT: That has nothing to do with me. It is the judgment of the court that, upon the verdict of guilty for the offense of unlawful assault, the Defendant be sentenced to not less than one year nor more than five years in the penitentiary; and

that upon the conviction for attempted voluntary manslaughter, the Defendant be sentenced to one year in the Wood County Correctional center; sentences to run consecutive. Defendant is remanded in custody."

It is clear from this exchange that counsel for the defendant was not allowed to address the trial court as contemplated by Rule 32(a)(1). It is also equally clear that the trial court failed to "address the defendant personally and ask him if he wishes to make a statement," as required by Rule 32(a)(1). While we find it unnecessary to decide the issue here, some jurisdictions have adopted harmless error analysis to the denial of the right to allocution. *See, United States v. Mejia,* 953 F.2d 461, 468 (9th Cir.1991), cert. denied, 504 U.S. 926 112 S.Ct. 1983, 118 L.Ed.2d 581 (1992) (holding that denial of the right to allocution is harmless when the defendant is actually given the shortest possible sentence). In the instant proceeding, the trial court ran roughshod over the essence of Rule 32(a)(1) in such a manner that we need not look past its actions to find reversible error. This case does not present a close call. The trial court was light-years outside the boundary of the dictates of Rule 32(a)(1).

For the reasons stated, the sentences in this case are vacated and this matter is remanded with instructions that a new sentencing hearing be held consistent with this opinion. In conducting the sentencing hearing, the circuit court should give fair and reasonable consideration to all evidence of record.

Reversed and remanded.

RECHT, Judge, sitting by temporary assignment.