# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**State of West Virginia,**
**Plaintiff Below, Respondent**

**vs.)  No. 17-0667** (Clay County 11-F-35)

**Crystal Samples,**
**Defendant Below, Petitioner**

**FILED**

**October 12, 2018**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Crystal Samples, by counsel Kevin W. Hughart, appeals the Circuit Court of Clay County's July 28, 2017, order revoking her probation and executing her underlying sentence. Respondent State of West Virginia, by counsel Robert L. Hogan, filed a response and supplemental appendix. On appeal, petitioner argues that the circuit court erred in imposing her one- to ten-year sentence in addition to her determinate five-year sentence upon revoking her probation and in failing to make sufficient findings to justify a departure from the one-hundred-twenty-day incarceration period for a second probation violation set forth in West Virginia Code § 62-12-10.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

On February 8, 2012, petitioner pled guilty to one count of taking the identity of another person and one count of fraudulent schemes. The circuit court sentenced petitioner on March 19, 2012, to a determinate five-year term of incarceration for her taking the identity of another person conviction and an indeterminate one- to ten-year term of incarceration for her fraudulent schemes conviction. The court further ordered these sentences to run consecutively.

Petitioner filed a motion pursuant to Rule 35(b) of the West Virginia Rules of Criminal Procedure, seeking an order from the circuit court releasing her to an inpatient drug rehabilitation facility.[1] On July 9, 2012, the circuit court granted petitioner's motion, suspended her sentence, and placed her on probation for five years. Petitioner's probation was subject to several terms

---

[1]Rule 35(b) of the West Virginia Rules of Criminal Procedure provides a mechanism for moving for reduction of a sentence, and further specifies that "[c]hanging a sentence from a sentence of incarceration to a grant of probation shall constitute a permissible reduction of sentence[.]"

and conditions, including that she enroll in and successfully complete an inpatient drug treatment program, remain drug and alcohol free, and submit to random drug and alcohol testing.

On February 9, 2016, the State filed its first petition for revocation of probation, which alleged that petitioner tested positive for amphetamine and methamphetamine. Petitioner admitted to these allegations, and the circuit court ordered her to serve thirty days in jail. The court also placed petitioner on probation for an additional three years.

Approximately one year later, on February 23, 2017, the State filed a second petition for revocation of probation, which alleged that petitioner again tested positive for amphetamine and methamphetamine. This petition also detailed that petitioner had been placed on probation for the offense of taking the identity of another person; it did not reference petitioner's fraudulent schemes conviction.

On March 14, 2017, the parties appeared for a preliminary hearing on the second revocation petition. Petitioner stated that she wished to admit to the allegations contained within the petition and waive her preliminary hearing. The circuit court asked petitioner, "Do you understand that by admitting to this violation, that this [c]ourt can, if it deems it appropriate, sentence you to the penitentiary of the state for a definite term of five years; do you understand that?" The court did not reference petitioner's fraudulent schemes conviction or sentence. Following petitioner's admission to the allegations contained within the second petition, the court revoked her probation and scheduled sentencing for a later date.

At the sentencing hearing, held on April 17, 2017, the circuit court found that petitioner "failed to report to the probation officer for a significant period of time, in regards to this case, . . . [and that] it is contrary to the protection of the public for this [c]ourt not to impose a sentence in this case." The court then sentenced petitioner "for a definite term of five years upon the offense of taking the identity of another person and the violation of the provisions of West Virginia [C]ode [§] 61-3-54."[2] Petitioner's counsel interjected that there was not "any evidence that my client has ever failed to appear[.]" Petitioner also offered that she has "been to everything[.]" The court stated, "[m]aybe I'm wrong, but I thought she – let me see." The court continued, "I know she did test positive for the use of drugs in that regard and her continued use of meth in the case." Petitioner's counsel asked, "So is that a correction, Your Honor?" The court said, "No, that is a correction."

The circuit court entered its sentencing order on July 28, 2017, memorializing the rulings made at its April 17, 2017, hearing. This order stated that "[t]he [c]ourt FINDS that the [petitioner] further violated the terms and conditions of probation by failing to report to the Probation Officer as required[,]" despite the apparent correction of this misunderstanding at the hearing. The order further detailed that "the terms and conditions of the [petitioner's] probation were designed to protect the public and victim[.]" Finally, the order executed both of petitioner's underlying sentences. It is from this order that petitioner appeals.

---

[2]This statute criminalizes taking the identity of another person and sets forth the penalty for committing that crime.

We have previously articulated our standard of review as follows:

> When reviewing the findings of fact and conclusions of law of a circuit court sentencing a defendant following a revocation of probation, we apply a three-pronged standard of review. We review the decision on the probation revocation motion under an abuse of discretion standard; the underlying facts are reviewed under a clearly erroneous standard; and questions of law and interpretations of statutes and rules are subject to a *de novo* review.

Syl. Pt. 1, *State v. Duke*, 200 W.Va. 356, 489 S.E.2d 738 (1997).

On appeal, petitioner advances two assignments of error.[3] First, petitioner claims that the circuit court erred in executing her determinate five-year term of incarceration for her taking the identity of another person conviction along with her indeterminate one- to ten-year term of incarceration for her fraudulent schemes conviction where the revocation petition and the circuit court informed petitioner that she faced only execution of the five-year determinate sentence. Petitioner acknowledges that the same procedural safeguards attendant to entering a guilty plea are not implicated in a probation revocation hearing, but, citing *State v. Duke*, she nonetheless argues that due process required that she be aware of the penalties she faced at her revocation hearing. Petitioner notes that the petition to revoke her probation stated only that she was placed on probation following her taking the identity of another person conviction, and the circuit court informed her that, by admitting to the probation violation, she faced a definite term of incarceration of five years. But, "[m]ore than three months after-the-fact [sic], the circuit court entered a signed order that completely contradicted everything that happened during [petitioner's] probation revocation below and stacked a consecutive sentence of one-to-ten years on top of the sentence that the court actually imposed." Accordingly, petitioner submits that her right to due process was violated.

In addressing this assignment of error, we begin by noting that "[p]robation revocation proceedings are not . . . part of a criminal prosecution, and are not subject to the same strict procedural requirements attendant to a criminal trial." *State v. Holcomb*, 178 W.Va. 455, 459, 360 S.E.2d 232, 236 (1987). Nonetheless, certain minimal procedural protections are due, including, at the final revocation hearing,

> (1) written notice of the claimed violations of probation; (2) disclosure to the probationer of evidence against him; (3) opportunity to be heard in person and to present witnesses and documentary evidence; (4) the right to confront and cross-examine witnesses (unless the hearing officer specifically finds good cause for not allowing confrontation); (5) a 'neutral and detached' hearing officer; (6) a written statement by the fact-finders as to the evidence relied upon and reasons for revocation of probation.

---

[3]Petitioner mentions in passing other alleged errors, but does not formally assign these issues as error or brief them in compliance with Rule 10(c) of the West Virginia Rules of Appellate Procedure. Accordingly, they are not considered herein.

3

Syl. Pt. 12, *Louk v. Haynes*, 159 W.Va. 482, 223 S.E.2d 780 (1976).

Petitioner relies on *Duke* to support her argument, which provides that, in a situation where a defendant is placed on probation for an offense committed while on probation for a prior offense,

> the court must make clear on the record the precise nature of the subsequently imposed probationary term (*i.e.*, extension of prior probationary period or separate and distinct subsequent probationary term) and ensure that the defendant has a clear and thorough understanding of the circuit court's intent in placing him/her on probation for the subsequent crime.

200 W.Va. at 359, 489 S.E.2d at 741, Syl. Pt. 2. In ensuring a clear record

> with regard to the circuit court's intention in placing a criminal defendant on probation for a subsequent offense where the defendant is currently on probation for a prior offense, and the defendant's understanding of the court's intention, the court should make three inquiries on the record as to the defendant's understanding of the circumstances surrounding the imposition of probation: (1) the possible penalties for the offenses committed, (2) the nature and conditions of probation, and (3) the consequences of a probation revocation.

*Id.*, Syl. Pt. 3. With respect to

> [t]he first probation imposition inquiry[,] . . . the circuit court [is required] to inform the defendant of: (1) the minimum and maximum penalties to which the defendant could be sentenced for the prior, subsequent, and/or violation of probation offenses (if the court suspends imposition of sentence) or the minimum and maximum penalties to which the defendant has been sentenced (if the court suspends execution of sentence) and (2) the effect of the court's decision to suspend imposition or execution of sentence.

*Id.*, Syl. Pt. 4.

The procedures set forth in *Duke* are inapplicable here, however. Simply put, petitioner was not convicted of a separate offense during her term of probation and placed on probation for this subsequent offense. The defendant in *Duke* was placed on probation for three years following the circuit court's suspension of his one- to five-year sentence. *Id.* at 360, 489 S.E.2d at 742. During this probation term, the defendant committed and was convicted of a second crime. *Id.* The circuit court sentenced the defendant to ninety days in jail for this second crime, but granted the defendant's motion to suspend the sentence and extend his probation by one year. *Id.* at 360-61, 489 S.E.2d at 742-43. While on probation, the defendant returned a positive drug screen, his probation was revoked, and the circuit court executed his suspended one- to five-year sentence. *Id.* at 361, 489 S.E.2d at 743. The defendant maintained that he had completed his three-year probationary term for his first conviction and should have been subject only to the ninety-day jail sentence. *Id.* at 363, 489 S.E.2d at 745. This procedural background and the

4

ambiguity in the circuit court's order relative to the nature of the probation upon which the defendant was placed following his second conviction led this Court in *Duke* to pronounce the directives quoted above. Here, the nature of petitioner's probation was not ambiguous because there was no conviction subsequent to her placement on probation that resulted in a second probationary term. As a result, petitioner's reliance on *Duke* is misplaced, and that case fails to demonstrate that error occurred below.

Instead, we note that,

[i]f the court or judge finds reasonable cause exists to believe that the probationer:

(A) Absconded supervision;

(B) Engaged in new criminal conduct other than a minor traffic violation or simple possession of a controlled substance; or

(C) Violated a special condition of probation designed either to protect the public or a victim; the court or judge may revoke the suspension of imposition or execution of a sentence, impose sentence if none has been imposed and order that sentence be executed.

W.Va. Code § 62-12-10(a)(1). The circuit court found that "the terms and conditions of [petitioner's] probation were designed to protect the public and victim[.]" Additionally, petitioner does not contend that the procedural protections outlined in *Louk* and quoted above were not afforded. It is also undisputed that petitioner was sentenced to a determinate five-year term of incarceration for her taking the identity of another person conviction and an indeterminate one- to ten-year term of incarceration for her fraudulent schemes conviction. Accordingly, upon revocation of petitioner's probation, the sentence to be imposed includes both the five-year term and the one- to ten-year term. Thus, petitioner has failed to establish a denial of her right to due process of law for the circuit court's failure to remind her that she had been sentenced for two crimes.

In petitioner's second assignment of error, she argues that the circuit court's execution of her underlying sentence runs afoul of West Virginia Code § 62-12-10, which provides, generally, that

[i]f the judge finds that reasonable cause exists to believe that the probationer violated any condition of supervision other than the conditions of probation set forth in subdivision (1) of this subsection then, . . . the judge shall impose[,] . . . for the second violation, a period of confinement up to one hundred twenty days.

*Id.* at § 62-12-10(a)(2). Petitioner argues that the circuit court's order does not state why her "use of an illegal substance was a legitimate reason to depart from the provisions of [the statute]." Further, petitioner states that the order contains the erroneous finding that she failed to report to her probation officer, despite there being "no record of a single instance where [petitioner] failed to report[.]" Petitioner argues that these errors prejudiced her and warrant reversal of the circuit

5

court's order executing her underlying sentence.

We find no merit to this assignment of error. Although West Virginia Code § 62-12-10(a)(2) provides for a period of confinement up to 120 days following a second probation violation, such period of confinement is warranted only where a probationer has "violated any condition of supervision *other than* the conditions of probation set forth in subdivision (1) of this subsection[.]" (Emphasis added.) Subdivision one, outlined above, provides that probation may be revoked and sentence executed where the probationer "[v]iolated a special condition of probation designed either to protect the public or victim[.]" *Id.* at § 62-12-10(a)(1). As also set forth above, the circuit court explicitly found that petitioner violated a term and condition "designed to protect the public and victim." This finding justified execution of petitioner's sentence. Further, the circuit court's apparently mistaken inclusion of the finding that petitioner failed to report to her probation officer does not change the fact that her probation revocation was permissibly predicated on her failed drug screen; therefore, the circuit court did not err in revoking petitioner's probation and executing her sentence.

For the foregoing reasons, we affirm the circuit court's July 28, 2017, order revoking petitioner's probation and executing her original sentence.

Affirmed.

**ISSUED:**  October 12, 2018

**CONCURRED IN BY:**

Chief Justice Margaret L. Workman
Justice Elizabeth D. Walker
Justice Paul T. Farrell sitting by temporary assignment
Justice Tim Armstead
Justice Evan H. Jenkins

Justice Allen H. Loughry II, suspended and therefore not participating