337 S.E.2d 312

STATE ex rel. George EVERETT

v.

Honorable John M. HAMILTON, Circuit Court Judge for Hampshire County.

STATE ex rel. George H. EVERETT

v.

Manfred HOLLAND, Warden, West Virginia Penitentiary.

Nos. 16840, 16841.

Supreme Court of Appeals of West Virginia.

Nov. 20, 1985.

William D. Highland, Public Legal Ser. Charleston, Edward Bullman, Moundsville, for appellant.

Atty. Gen. Charlie Brown, Mary Rich Maloy, Asst. Atty. Gen., Charleston, for appellee.

BROTHERTON, Justice:

On June 16, 1982, George Everett, the petitioner, was convicted of voluntary manslaughter in the Hampshire County Circuit Court. Because of two prior felony convictions, one in West Virginia, the other in Maryland, Mr. Everett was given an enhanced sentence of life imprisonment pursuant to W.Va.Code § 61–11–18 (1984). The Maryland conviction, however, was reversed on January 31, 1984, and was no longer a valid conviction for the enhancement of Mr. Everett's sentence.

Because of the void Maryland judgement, the petitioner's first writ of habeas corpus to this Court was granted and the case remanded to the trial court to have the life sentence vacated and a lawful sentence imposed. By an order entered on May 15, 1984, the Hampshire County Circuit Court sentenced Mr. Everett *in absentia* to a prison term of one-to-ten years. The petitioner filed a writ of habeas corpus with the Circuit Court of Marshall County claiming that the imposition of the reduced sentence without his presence was void. The Circuit Court of Marshall County agreed and ordered that Mr. Everett be resentenced within 30 days from September 18, 1985.

Without an enhanced sentence, the petitioner would have been serving a one-to-five year term, which, according to the West Virginia Department of Corrections, would have been fully served on June 20, 1984. The petitioner was not resentenced for the second time, however, until October 4, 1985.[1] The petitioner has filed a writ of habeas corpus with this Court claiming that the original enhanced sentence was void because the Maryland conviction was overturned, and the first modification of the sentence was void because it was made *in absentia* and no enhancement of his sentence could be made after he had served his principal sentence, therefore, voiding the second and final modification of his sentence.

We do not address Mr. Everett's claim of whether an enhancement can lawfully be made after a prisoner has served his principal sentence, but instead find that on the facts of this case, the first modification of the petitioner's sentence by the Hampshire County Circuit Court was valid. Since this sentence was imposed while the petitioner was serving his original sentence, the petitioner's claim is a moot point.

It is true that Rule 43 of the West Virginia Rules of Criminal Procedure requires that a criminal defendant must be present at almost every stage of his trial. Nevertheless, the defendant's presence is not required "at a conference or argument upon a technical question of law not depending upon facts within the personal knowledge of the defendant." W.Va. R.Crim.P. 43(c)(3). Where an enhanced sentence is set aside, "[t]he resentencing is unrelated to the underlying truth-finding process which led to the conviction and only corrects the improper sentence." *State ex rel. McMannis v. Mohn*, 163 W.Va. 129, 142, 254 S.E.2d 805, 812 (1979). No personal knowledge of the defendant is required. Because the resentencing hearing was a conference upon a technical question of law not depending upon facts within the personal knowledge of the defendant, we hold that his presence at that conference was not required.[2] Because we find

---

1. At which time the petitioner was present in person and by his counsel and received a one-to-ten year sentence.

2. The appellant's other assignments of error dealing with prosecutorial discretion and the right to a new information are groundless, and we dismiss them summarily.

that the petitioner was properly resentenced, his writ of habeas corpus is denied.

Writ denied.