# IN THE SUPREME COURT OF APPEALS OF WEST VIRGINIA

September 2015 Term

_____

No. 14-0891

_____

FILED

October 8, 2015

released at 3:00 p.m.
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

STATE OF WEST VIRGINIA,
Plaintiff Below, Respondent

V.

TEX B. S.,
Defendant Below, Petitioner

_____

Appeal from the Circuit Court of Morgan County
Honorable Christopher C. Wilkes, Judge
Criminal Action No. 07-F-20

AFFIRMED

_____

Submitted: September 16, 2015
Filed:  October 8, 2015

Kevin D. Mills
Shawn R. McDermott
Mills McDermott, PLLC
Martinsburg, West Virginia
Attorneys for Petitioner

Patrick Morrisey
Attorney General
Shannon Frederick Kiser
Assistant Attorney General
Charleston, West Virginia
Attorneys for Respondent

JUSTICE DAVIS delivered the Opinion of the Court.

**SYLLABUS BY THE COURT**

1.      "In reviewing the findings of fact and conclusions of law of a circuit court concerning an order on a motion made under Rule 35 of the West Virginia Rules of Criminal Procedure, we apply a three-pronged standard of review. We review the decision on the Rule 35 motion under an abuse of discretion standard; the underlying facts are reviewed under a clearly erroneous standard; and questions of law and interpretations of statutes and rules are subject to a *de novo* review." Syllabus point 1, *State v. Head*, 198 W. Va. 298, 480 S.E.2d 507 (1996).

2.      In correcting an illegal sentence under Rule 35(a) of the West Virginia Rules of Criminal Procedure, a trial court has discretion to correct the sentence without holding a *de novo* resentencing hearing. Further, under Rule 43(c)(4) of the West Virginia Rules of Criminal Procedure, a defendant need not be present at a Rule 35(a) proceeding to correct a sentence. This Court will not reverse the denial of a request for a *de novo* resentencing hearing on a trial court's correction of a sentence under Rule 35(a) absent a showing of an abuse of discretion.

**Davis, Justice:**

Petitioner, Tex B. S. ("Mr. S.")[1] , appeals from an order of the Circuit Court of Morgan County that corrected his sentence for first-degree sexual assault. Mr. S. alleges that the circuit court committed error in denying his request for a *de novo* resentencing hearing. The Respondent, State of West Virginia, responds in support of the circuit court's order correcting Mr. S.'s sentence without a *de novo* resentencing hearing. After a careful review of the briefs submitted by the parties, the record submitted for appeal, the oral arguments presented to this Court, and the applicable case law, we affirm.

## I.

## FACTUAL AND PROCEDURAL HISTORY

This case was presented to this Court in 2011, as an initial appeal by Mr. S. from his conviction and sentence for first-degree sexual assault and sexual abuse by a parent or guardian.[2] In that proceeding, we affirmed, in an unpublished decision, the order convicting and sentencing Mr. S.[3] The only issue before this Court in the current proceeding

---

[1]Given the sensitive nature of the facts involved in this proceeding, we refer to the petitioner herein by his last initials. *See, e.g.*, *State v. Robert Scott R., Jr.*, 233 W. Va. 12, 754 S.E.2d 588 (2014) (per curiam); *State v. Larry A.H.*, 230 W. Va. 709, 742 S.E.2d 125 (2013) (per curiam); *State v. Edward Charles L.*, 183 W. Va. 641, 398 S.E.2d 123 (1990).

[2]The victim in the case was the four-year-old daughter of Mr. S.'s wife.

[3]*See State v. S.*, No. 35540 (W. Va. February 11, 2011) (Memorandum Decision).

1

involves the sentence Mr. S. received for the first-degree sexual assault conviction.

After we affirmed Mr. S.' original conviction and sentence, he filed a habeas corpus petition in circuit court. In that petition, Mr. S. alleged that his sentence for first-degree sexual assault was illegal because it was not the sentence prescribed for the offense he was convicted of committing.[4] The sentence Mr. S. received for the first-degree sexual assault conviction was an indeterminate sentence of not less than twenty-five years nor more than one hundred years.[5] In the habeas petition, Mr. S. alleged that the statute in place when the offense occurred authorized only an indeterminate sentence of not less than fifteen years nor more than thirty-five years.

At a hearing held on July 8, 2014, the circuit court determined sua sponte that Mr. S.'s habeas petition was not the proper mechanism for challenging his sentence. The court found that the issue was properly resolved under Rule 35 of the West Virginia Rules of Criminal Procedure. Consequently, the circuit court determined that it would correct Mr. S.'s sentence pursuant to Rule 35. Mr. S. participated in the hearing on the matter via video conferencing. He was represented by counsel at the proceeding. During the hearing,

---

[4]Other issues were raised in the habeas petition, but Mr. S. has presented those matters in a separate appeal.

[5]It appears that Mr. S. initially was given an incorrect determinate sentence of fifty years for the first-degree sexual assault conviction.

the State conceded that Mr. S. was not sentenced under the statute in place when he committed the crime. Even so, Mr. S. argued that he was entitled to a *de novo* resentencing hearing. The trial court disagreed with Mr. S. and determined that it would correct the sentence. The trial court announced the new sentence at the hearing and entered an order on July 29, 2014; Mr. S. received an indeterminate sentence of not less than fifteen years nor more than thirty-five years for first-degree sexual assault.[6] This appeal followed.

## II.

## STANDARD OF REVIEW

The controlling issue presented in this appeal is whether the circuit court abused its discretion in denying Mr. S.'s request for a *de novo* resentencing hearing. Our review standard of an order correcting a sentence under Rule 35 has been stated as follows:

> In reviewing the findings of fact and conclusions of law of a circuit court concerning an order on a motion made under Rule 35 of the West Virginia Rules of Criminal Procedure, we apply a three-pronged standard of review. We review the decision on the Rule 35 motion under an abuse of discretion standard; the underlying facts are reviewed under a clearly erroneous standard; and questions of law and interpretations of statutes and rules are subject to a *de novo* review.

Syl. pt. 1, *State v. Head*, 198 W. Va. 298, 480 S.E.2d 507 (1996).

---

[6]The corrected sentence did not include a fine, which was part of the original sentence.

## III.

## DISCUSSION

Mr. S. contends that the trial court committed reversible error in denying his request for a *de novo* resentencing hearing. Specifically, Mr. S. alleged that he "was not allowed to appear in person" and that, at the hearing, he "was not allowed to present evidence, put on witnesses, or give his allocution to the court." The State contends that Mr. S. did not have a right to a *de novo* resentencing hearing.

A defendant is constitutionally guaranteed the right to be present at any stage of the criminal proceeding that is critical to its outcome, if his or her presence would contribute to the fairness of the procedure. We held in Syllabus point 6 of *State v. Boyd*, 160 W. Va. 234, 233 S.E.2d 710 (1977), that "[t]he defendant has a right under Article III, Section 14 of the West Virginia Constitution to be present at all critical stages in the criminal proceeding; and when he is not, the State is required to prove beyond a reasonable doubt that what transpired in his absence was harmless." *See also Kentucky v. Stincer*, 482 U.S. 730, 745, 107 S. Ct. 2658, 2667, 96 L. Ed. 2d 631 (1987). We also have held that "[a] critical stage of a criminal proceeding is where the defendant's right to a fair trial will be affected." Syl. pt. 2, *State v. Tiller*, 168 W. Va. 522, 285 S.E.2d 371 (1981). This includes the right to be present upon the imposition of sentence. *See* W. Va. R. Crim. P., 43(a) ("The defendant shall be present . . . at the imposition of sentence, except as otherwise provided by this

4

rule."). Additionally, Rule 32(c) of the West Virginia Rules of Criminal Procedure provides that, at the time of sentencing, the defendant has the right to allocution, that is, to present any information in mitigation of punishment, and to make a statement on his or her own behalf. *See* Syl. pt. 6, *State v. Holcomb*, 178 W. Va. 455, 360 S.E.2d 232 (1987) ("[Rule 32(c)(3)(c)] of the West Virginia Rules of Criminal Procedure confers a right of allocution upon one who is about to be sentenced for a criminal offense.").

A defendant's right to be present at an initial sentencing hearing has been qualified by Rule 43(c)(4) of the West Virginia Rules of Criminal Procedure. Rule 43(c)(4) provides an exception to a defendant's right to attend a sentencing hearing if it involves a correction of sentence under Rule 35. Consequently, the resolution of the issue presented by Mr. S. involves the interplay between Rule 35 and Rule 43(c)(4). Rule 35 provides in full as follows:

> (a) Correction of Sentence. The court may correct an illegal sentence at any time and may correct a sentence imposed in an illegal manner within the time period provided herein for the reduction of sentence.

> (b) Reduction of Sentence. A motion to reduce a sentence may be made, or the court may reduce a sentence without motion within 120 days after the sentence is imposed or probation is revoked, or within 120 days after the entry of a mandate by the supreme court of appeals upon affirmance of a judgment of a conviction or probation revocation or the entry of an order by the supreme court of appeals dismissing or rejecting a petition for appeal of a judgment of a conviction or probation revocation. The court shall determine the motion within a

5

reasonable time. Changing a sentence from a sentence of incarceration to a grant of probation shall constitute a permissible reduction of sentence under this subdivision.

Rule 43(c)(4) provides as follows:

> (c) Presence Not Required. A defendant need not be present in the following situations:
>
> . . . .
>
> (4) At a reduction of sentence under Rule 35.

Mr. S.'s sentence was corrected under Rule 35(a).[7] In a recent Memorandum Decision by this Court, *State v. Donald B.*, No. 13-1205, 2015 WL 3751987 (W. Va. June 15, 2015), we addressed the issue of correcting a sentence under Rule 35(a). In *Donald B.*, the defendant argued that the trial court committed error in failing to hold a *de novo* sentencing hearing to correct his sentence under Rule 35(a). The defendant in *Donald B.* originally was sentenced to ten to twenty-five years in prison for second degree sexual

---

[7]During a discussion between the circuit court and defense counsel the issue was summarized as follows:

> Defense Counsel: Certainly, Your Honor. Just to be clear, the Court is correcting the sentence under its own power under Rule 35 Subsection [a].
>
> The Court: Yes.
>
> Defense Counsel. And not under the habeas that I filed?
>
> The Court. Correct.

6

assault.[8]  After the defendant's direct appeal and first federal habeas petition were denied,

he filed a second federal habeas petition arguing that he was sentenced under the wrong

statute.  The defendant contended that the statute in place when he committed the offense had

a penalty of ten to twenty years in prison.  The Fourth Circuit eventually heard the case,

vacated the sentence, and instructed the federal district court to remand the case to the State

trial court to correct the sentence.  When the case was remanded to the circuit court, it was

treated as a sentence correction under Rule 35(a).  As such, the trial court entered an order

summarily correcting the sentence.  The defendant appealed and argued that he was entitled

to a *de novo* or plenary sentencing hearing.  This Court disagreed succinctly as follows:

> Petitioner's second and final assignment of error is that the circuit court erred in denying him a plenary sentencing hearing prior to resentencing him.  Specifically, petitioner argues that the circuit court denied his rights to allocution, presentation of mitigation evidence, an opportunity for his attorney to address sentencing alternatives, and to be present in person at a sentencing hearing.  Importantly, however, petitioner does not argue that he failed to receive a plenary sentencing hearing, with all attendant rights, at the time of his original disposition in this matter, and the State maintains that he was so provided with those rights.  Therefore, petitioner, in essence, argues that he was entitled to a second plenary sentencing hearing due to the federal district court's order vacating his original sentence.  Assuming, arguendo, that we adopt his position that the federal district court's mandate placed him in the position as if no original sentencing order had been entered, we still find no controlling authority entitling him to a second plenary sentencing hearing.  The federal district court's order vacated the original sentencing order and clearly and expressly

---

[8]The defendant was convicted of two counts of second degree sexual assault.

7

mandated "re-sentencing." Such mandate was fulfilled by the
circuit court. Therefore, given the circumstances of this case,
we find no error in the circuit court's order.

*Donald B.*, 2015 WL 3751987, at *3.[9]


Federal courts have reached the same result as *Donald B.* by construing

together former federal Rule 35(a) and Rule 43(c)(4).[10] That is, federal courts addressing the

issue have held that, under former federal Rule 35(a) and Rule 43(c)(4), a defendant is

---

[9]This Court has summarily addressed the issue of whether an "actual hearing" is required when a trial court is asked to modify a sentence under Rule 35(b). We resolved the matter in *State v. King*, 205 W. Va. 422, 518 S.E.2d 663 (1999), as follows:

> As his first assignment of error, the appellant contends that the circuit court erred by denying a hearing on his Motion to Reduce Sentences filed pursuant to Rule 35[b]. . . .

> Having examined the record, we do not find that the circuit court abused its discretion by not holding a hearing on the appellant's Rule 35[b] motion. The record establishes that the circuit court held lengthy hearings when the appellant pled guilty and when he was sentenced. Thus, we find no merit to the appellant's contention that the circuit court was required to hold another hearing to consider his motion for a reduction of sentences.

*King*, 205 W. Va. at 425, 518 S.E.2d at 666. *See also State v. Fore*, No. 11-0367, 2012 WL 3030747, at *2 (W. Va. April 16, 2012) (Memorandum Decision) ("The Court finds that a circuit court has the discretion in deciding whether or not an evidentiary hearing is necessary on a Rule 35(b) motion. For this, the circuit court did not err in making a ruling without holding a hearing.").

[10]State Rule 35(a) and Rule 43(c)(4) were originally patterned after their federal counterparts. The federal rules have since been modified.

8

generally not entitled to a *de novo* sentencing hearing, nor does he or she have a right to be present when a sentence is corrected. For example, in *United States v. Pineda*, 988 F.2d 22 (5th Cir. 1993), the defendant was convicted of a drug offense and sentenced to the statutory maximum of fifteen years imprisonment, plus a ten year enhancement for prior convictions. The defendant subsequently filed a motion to correct an illegal sentence under Rule 35(a). The district court, without the defendant being present, granted the motion for correction of sentence and resentenced the defendant to only fifteen years in prison. Several years after the sentence was corrected the defendant filed a habeas petition seeking to vacate his reduced sentence on the grounds that he was denied the right to be present in court when his sentence was reduced. The district court denied the petition. The appellate court affirmed based upon the following:

> Federal Rule of Criminal Procedure 43(c)(4) provides that a defendant need not be present "[a]t a reduction of sentence under Rule 35." We conclude that this language applies to a downward correction of an illegal sentence under Rule 35(a) as well as to a "reduction" under Rule 35(b). We therefore agree with the eleventh circuit that "where the entire sentencing package has not been set aside, a correction of an illegal sentence does not constitute a resentencing requiring the presence of the defendant, so long as the modification does not make the sentence more onerous." *United States v. Jackson*, 923 F.2d 1494, 1497 (11th Cir.1991).

*Pineda*, 988 F.2d at 23.[11]

---

[11]This Court previously applied Rule 43(c)(3), instead of Rule 43(c)(4) to find that a defendant is not required to be present at a resentencing hearing. In the single syllabus

(continued...)

A similar issue was raised in *Wells v. United States*, 469 A.2d 1248 (D.C. 1983). In *Wells,* the defendant was convicted and sentenced for three counts of felony-murder, two counts of assault with intent to kill, and one count of arson. After several appeals the defendant filed a motion to correct an illegal sentence under Rule 35(a). The defendant argued in his motion that he should not have been sentenced for arson, because that was the underlying felony in which the felony-murder convictions were obtained. The trial court conducted a summary oral hearing at which the defendant's counsel was present, but not the defendant. The trial court issued an order vacating the arson sentence and reimposing the original sentences on the other convictions. On appeal, the defendant argued that the resentencing hearing should have been *de novo* and that he had a right to be present. The appellate court disagreed as follows:

> The law is clear that a defendant must be present in person at the time sentence is originally imposed and that he must be afforded the right of allocution. . . .
>
> Rule 35(a) is limited by its terms to the correction or reduction of sentence and no opportunity for allocution is required in this situation. The counterpart of this rule, Fed. R. Crim. P. 43, has been so construed in three different circuits.
>
> In our opinion, these decisions reflect the intent of the

---

[11](...continued)
of *State ex rel. Everett v. Hamilton*, 175 W. Va. 654, 337 S.E.2d 312 (1985), we held that, under Rule 43(c)(3), "[w]here the defendant was given an enhanced sentence of life imprisonment . . . due to two prior felony convictions and one of those two convictions is later reversed, the defendant's presence is not required to modify the enhanced sentence."

applicable rules. Accordingly, the court in correcting the original sentence was under no duty to ask appellant personally if he cared to make a statement in his own behalf.

*Wells*, 469 A.2d at 1249-50. *See United States v. Parker*, 101 F.3d 527 (7th Cir. 1996);

*United States v. Harris*, 36 F.3d 1103 (9th Cir. 1994); *United States v. Nolley*, 27 F.3d 80

(4th Cir. 1994).

The reason for not conducting a *de novo* sentencing hearing is because "[t]he

defendant has already had an opportunity to challenge the accuracy and reliability of the

information upon which the sentencing judge relied and to present any evidence in

mitigation." *United States v. Dickerson*, No. CRIM. A. 95189, 1997 WL 738613, at *1 (E.D.

La. Nov. 26, 1997). The justification has been more fully explained as follows:

> [I]n the context of a remedial reduction of sentence after a successful Rule 35 challenge to the legality of the original sentence, . . . [t]here has already been a sentencing hearing at which the defendant had the opportunity to rebut evidence in the presentence investigation report and to present evidence in mitigation; the sentencing judge has made the necessary credibility determinations and exercised the necessary discretion to fashion a sentencing package which he has determined, in fact, is the appropriate penalty considering the defendant's conduct and level of culpability. If the prison terms imposed on some but not all of the counts are then held to be illegally long, the illegal terms must be reduced; but the whole process need not start anew. In constitutional terms, a remedial sentence reduction is not a critical stage of the proceedings; so, the defendant's presence is not required.

*United States v. Jackson*, 923 F.2d 1494, 1497 (11th Cir. 1991). *See also United States v.*

*Sabatino*, 963 F.2d 366 (1st Cir. 1992); *United States v. Thompson*, 979 F.2d 743 (9th Cir. 1992).[12]

---

[12]We also must note that a different body of law applies when this Court remands a case for imposition of a new sentence. The decisions of this Court have not followed a rigid formula in remanding cases for resentencing. The nature of the sentencing error appears to be the yardstick for this Court's remand instructions pertaining to resentencing. This Court has vacated sentences and remanded cases for *de novo* sentencing hearings when the original sentencing hearings had structural flaws. *See, e.g., State v. Bennett*, 233 W. Va. 346, 352, 758 S.E.2d 273, 279 (2014) ("Having found the court committed reversible error by placing the petitioner on probation and ordering her to perform community service in addition to imposing a fine and court costs, we reverse the final order with respect to the sentence imposed and remand this case for a new sentencing hearing only."); *State v. Brown*, 210 W. Va. 14, 29, 552 S.E.2d 390, 405 (2001) ("However, we reverse his sentence of consecutive life terms and remand for the preparation of a presentence report, in accordance with Rule 32 of the West Virginia Rules of Criminal Procedure, and a new sentencing hearing."); *Becton v. Hun*, 205 W. Va. 139, 145, 516 S.E.2d 762, 768 (1999) ("Accordingly, we reverse the lower court's decision and remand this case solely for the purpose of conducting a new sentencing hearing, wherein the lower court will consider the State's recommendation of a ten-year sentence in exchange for the Appellant's conviction of one count of aggravated robbery, prior to resentencing the Appellant."); *State v. Posey*, 198 W. Va. 270, 273, 480 S.E.2d 158, 161 (1996) ("For the reasons stated, the sentences in this case are vacated and this matter is remanded with instructions that a new sentencing hearing be held consistent with this opinion."); *State v. Pannell*, 175 W. Va. 35, 39, 330 S.E.2d 844, 848 (1985) ("Because the trial court made an improper finding that the appellant was not eligible for probation under Code § 62-12-2 (1984), we vacate the sentence imposed by the lower court and remand the case for a new sentencing hearing, taking into consideration the possibility of probation."); *State v. Maxwell*, 174 W. Va. 632, 636, 328 S.E.2d 506, 510 (1985) ("Because there was a prejudicial error in the sentencing hearing, we vacate the sentence imposed by the lower court and remand the case for a new sentencing hearing consistent with this opinion."). However, our cases also have vacated sentences and remanded cases merely for the entry of a corrected sentence without a *de novo* sentencing hearing. We crystallized this type of remand in Syllabus point 5 of *State v. Fisher*, 126 W. Va. 117, 27 S.E.2d 581 (1943), as follows:

> Where in a criminal proceeding there is no error other
> than in the entry of the judgment imposing sentence, the

(continued...)

12

Based upon the foregoing discussion and authorities, we now make clear that

In correcting an illegal sentence under Rule 35(a) of the West Virginia Rules of Criminal Procedure, a trial court has discretion to correct the sentence without holding a *de novo* resentencing hearing. Further, under Rule 43(c)(4) of the West Virginia Rules of Criminal Procedure, a defendant need not be present at a Rule 35(a) proceeding to correct a sentence. This Court will not reverse the denial of a request for a *de novo* resentencing hearing on a trial court's correction of a sentence under Rule 35(a) absent a showing of an abuse of discretion.

Mr. S. cited to several cases from other jurisdictions to support his argument that he was entitled to a *de novo* resentencing hearing. For example, two of the decisions cited by Mr. S., *State v. Winston*, 182 Ohio App. 3d 306, 912 N.E.2d 655 (Ohio

---

[12](...continued)
judgment should be reversed and the case remanded for proper judgment of sentence to be entered by the trial court.

*See also State v. Lawson*, 165 W. Va. 119, 122, 267 S.E.2d 438, 440 (1980) ("We will also remand this case to allow the court to sentence the defendant to a definite term since he was sentenced by the court to a term of not less than ten nor more than twenty years."); *State v. Justice*, 130 W. Va. 662, 673, 44 S.E.2d 859, 865 (1947) ("Perceiving no error other than the incorrect judgment of sentence, we reverse the judgment of the trial court, and remand the case for the entry of a proper judgment of sentence."); *State v. Beacraft*, 126 W. Va. 895, 30 S.E.2d 541, 546 (1944) *overruled on other grounds by State v. Dolin*, 176 W. Va. 688, 347 S.E.2d 208 (1986) ("This error merits reversal only for the purpose of having the judgment of sentence corrected. The judgment of the circuit court is therefore reversed and the case remanded for entry of a proper judgment of sentence upon the verdict.").

13

App. 2009) and *State v. Bock*, No. 07AP-119, 2007 WL 4171139 (Ohio App. 2007), involve a previous ruling by the Ohio Supreme Court that a *de novo* resentencing hearing was required when a defendant was not informed at the original sentencing hearing about post-release control.  However, this is no longer the law in Ohio.  In *State v. Fischer*, 128 Ohio St. 3d 92, 942 N.E.2d 332 (Ohio 2010), the Ohio Supreme Court modified its previous decision that required a *de novo* resentencing hearing when a defendant was not informed of post-release control.  Syllabus point 2 of *Fischer* states that "[t]he new sentencing hearing to which an offender is entitled under *State v. Bezak* is limited to proper imposition of post-release control.  (*State v. Bezak*, 114 Ohio St. 3d 94, 2007-Ohio-3250, 868 N.E.2d 961, syllabus, modified.)." *See also State v. Bunting*, Nos. 2011 CA 00112, 2011 CA 00131, 2012 WL 382922 (Ohio Ct. App.  Feb. 6,  2012) (finding defendant not entitled to a *de novo* sentencing hearing and no error in having defendant appear via video teleconferencing); *State v. Williams*, 195 Ohio App. 3d 505, 512, 960 N.E.2d 1027, 1033 (Ohio Ct. App. 2011) ("[W]e reject appellant's contention that his entire sentence is void and a *de novo* resentencing hearing is required. . . .  [W]e find that a hearing restricted to only the void portion of appellant's sentence is required.").  The remaining cases cited by Mr. S. are distinguishable because they are fact-specific to the unique laws of those jurisdictions. *See People v. Everett*, 250 P.3d 649, 664 (Colo. App. 2010); *Bell v. State*, 863 So. 2d 458 (Fla. Dist. Ct. App. 2004); *Gonzalez v. State*, 838 So. 2d 1242, 1243 (Fla. Dist. Ct. App. 2003); *People v. Waldrup*, No. 2-10-0309, 12012 WL 6964974 (Ill. App. Ct. Jan. 11, 2012).

14

As previously noted, during the hearing the instant case the State conceded that Mr. S.'s sentence for first-degree sexual assault was incorrect. Consequently, all that was left for the circuit court to do was vacate the illegal sentence and impose the sentence required by law. More importantly to our disposition is that the record of the original sentencing hearing clearly demonstrates that Mr. S. original sentencing hearing comported with due process. The trial court at the original sentencing hearing noted on the record the following:

> The Court: All right. Well, the Court has heard the arguments of counsel, the statement and testimony by the defendant, and also the testimony of the expert, Dr. Kradel, who was called here to testify in support of the defendant's request for probation.

*See State v. Fry*, 61 Haw. 226, 231, 602 P.2d 13, 17 (1979) ("As a Rule 35 motion is part of the original case and the corrected sentence runs anew from the time of the original sentencing, the facts in the trial record are a sufficient basis for the court to act."). Clearly, there was no structural defect in the original sentencing hearing, such as prohibiting Mr. S. the right of allocution, that required a *de novo* resentencing hearing under Rule 35(a). Consequently, the circuit court did not abuse its discretion in denying Mr. S.'s request for a *de novo* resentencing hearing.[13]

---

[13]We summarily reject Mr. S.'s second assignment of error on procedural grounds. Under that assignment of error, Mr. S. contends that he received ineffective assistance of counsel at the original sentencing hearing. This a habeas corpus allegation that was not addressed in the circuit court's Rule 35 order, because the circuit court did not
(continued...)

**IV.**

**CONCLUSION**

We affirm the circuit court's July 29, 2014, order correcting Mr. S.'s sentence for first-degree sexual assault.

Affirmed.

---

[13](...continued) address the matter as a habeas corpus issue. *See* 2 Franklin D. Cleckley, *Handbook on West Virginia Criminal Procedure*, p. 435 (2d ed. 1993) ("Prior to adoption of [Rule 35], a correction of sentence after final judgment could only be had upon an appeal or writ of habeas corpus. An improper sentence should and can be corrected under Rule 35."); *Hill v. United States*, 368 U.S. 424, 430, 82 S. Ct. 468, 472, 7 L. Ed. 2d 417 (1962) ("It is suggested that although the petitioner denominated his motion as one brought [as habeas petition], we may consider it as a motion to correct an illegal sentence under Rule 35 of the Federal Rules of Criminal Procedure. This is correct."). Insofar as this is a direct appeal from the circuit court's Rule 35 order, the habeas contention is not properly part of this appeal. We will also note that the habeas argument made herein was in fact addressed by this Court in the companion case filed by Mr. S. *See Tex S. v. Pszczolkowski*, No. 14-0920, ___ W.Va. ___, ___ S.E.2d ___ (2015).