# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**State of West Virginia,**
**Plaintiff Below, Respondent**

**vs.)  No. 19-0590** (Nichols County 17-F-1)

**Charles B.,**
**Defendant Below, Petitioner**

**FILED**

**July 30, 2020**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Charles B., self-represented, appeals the Circuit Court of Nicholas County's June 12, 2019, order denying petitioner's "Motion to Correct Sentence or, In the Alternative, Motion to Correct Errors in the Record Arising from Oversight or Omission."[1] The State of West Virginia, by counsel Karen Villanueva-Matkovich, filed a response asserting that because the circuit court's order is insufficient as a matter of law, this Court should remand this case to the circuit court with directions to enter an order containing appropriate findings of fact and conclusions of law.

The Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. This case satisfies the "limited circumstances" requirement of Rule 21(d) of the Rules of Appellate Procedure and is appropriate for a memorandum decision rather than an opinion. For the reasons expressed below, the decision of the circuit court is vacated, and this case is remanded to the circuit court for specific findings of fact and conclusions of law regarding petitioner's "Motion to Correct Sentence or, In the Alternative, Motion to Correct Errors in the Record Arising from Oversight or Omission."

Petitioner was indicted by a grand jury in January of 2017 on one count of first-degree sexual assault; seven counts of sexual abuse in the first degree; twelve counts of sexual abuse by a parent, custodian, or guardian; and six counts of third-degree sexual assault. Petitioner entered into a plea agreement whereby he agreed to plead guilty to four counts of sexual abuse by a parent, custodian, or guardian, and the State agreed to dismiss the remaining charges. Upon the entry of

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved. *See In re K.H.*, 235 W. Va. 254, 773 S.E.2d 20 (2015); *In re Jeffrey R.L.*, 190 W. Va. 24, 435 S.E.2d 162 (1993); *State v. Edward Charles L.*, 183 W. Va. 641, 398 S.E.2d 123 (1990).

1

his pleas, petitioner was sentenced to ten to twenty years of incarceration on each count of sexual abuse by a parent, custodian, or guardian, said sentences to run concurrently. Petitioner did not file a direct appeal of his convictions or sentences.

On April 5, 2019, petitioner filed a "Motion to Correct Sentence or, In the Alternative, Motion to Correct Errors in the Record Arising From Oversight or Omission" and a memorandum in support thereof. Petitioner asked the circuit court to correct his sentences and allow him the opportunity to elect under which statute he should be sentenced, in accordance with West Virginia Code § 2-2-8. The circuit court denied that motion by order entered on June 12, 2019. The entirety of that order provides as follows:

> On or about April 5th, 2019, the Inmate Defendant, Charles B.[] (hereinafter "Defendant"), filed *pro se*, a "Motion to Correct Sentence or, In the Alternative, Motion to Correct Errors in the Record Arising from Oversight or Omission."
>
> > The [c]ourt notes that this Defendant was sentenced on December 22nd, 2017. A review of the record indicates that the Defendant did not file an appeal in this matter, nor did he file a motion for reconsideration pursuant to Rule 35(b) of the West Virginia Rules of Criminal Procedure.
> >
> > The Court, after review of Defendant's motion and upon review of the court file, has determined that Defendant's motion should be **DENIED**.
> >
> > Accordingly, it is **ORDERED** that the Defendant's "Motion to Correct Sentence or, In the Alternative, Motion to Correct Errors in the Record Arising From Oversight or Omission" is hereby **DENIED**. . . .

Petitioner appeals from that June 12, 2019, order.

Our standard of review of an order correcting a sentence under Rule 35 has been stated as follows:

> "In reviewing the findings of fact and conclusions of law of a circuit court concerning an order on a motion made under Rule 35 of the West Virginia Rules of Criminal Procedure, we apply a three-pronged standard of review. We review the decision on the Rule 35 motion under an abuse of discretion standard; the underlying facts are reviewed under a clearly erroneous standard; and questions of law and interpretations of statutes and rules are subject to a *de novo* review." Syl. pt. 1, *State v. Head,* 198 W.Va. 298, 480 S.E.2d 507 (1996).

2

*State v. Tex B.S.*, 236 W. Va. 261, 264, 778 S.E.2d 710, 713 (2015). In addition, this Court "reviews sentencing orders . . . under a deferential abuse of discretion standard, unless the order violates statutory or constitutional commands." Syl. Pt. 1, in part, *State v. Lucas*, 201 W. Va. 271, 496 S.E.2d 221 (1997).

On appeal, petitioner argues that the circuit court abused its discretion in denying the motion to correct sentences or, alternatively, correct errors in the record arising from oversight or omission because petitioner's sentences are prohibited by due process and ex post facto principles under the United States and West Virginia Constitutions. He further asserts that the circuit court abused its discretion in denying the motion to correct sentences or alternatively correct errors in the record arising from oversight or omission because petitioner's sentences are inconsistent with the legislative goals of releasing a prisoner at the earliest possible date, consistent with public safety, and to avoid duplication or waste of effort and money.

However, as the State asserts, the circuit court's order lacks appropriate findings of fact and conclusions of law supporting its decision under Rule 35(a) that would allow this Court to consider petitioner's allegations of error. *See Dennis v. State Div. of Corr.*, 223 W. Va. 509, 593, 678 S.E.2d 470, 473 (2009) ("Clearly, the circuit court's order lacks the requisite findings of fact and conclusions of law that permit meaningful review by this Court."). As this Court has found,

> [w]ithout findings of fact and conclusions of law, this Court is unable to determine the basis for the court's decision and whether any error has occurred. Consequently, in cases where there is an absence of adequate factual findings, it is necessary to remand the matter to the lower court to state or, at a minimum, amplify its findings so that meaningful appellate review may occur.

*Mullins v. Mullins*, 226 W. Va. 656, 662, 704 S.E.2d 656, 662 (2010).

We, therefore, vacate the circuit court's June 12, 2019, order denying petitioner's "Motion to Correct Sentence or, In the Alternative, Motion to Correct Errors in the Record Arising from Oversight or Omission." Upon remand, the circuit court shall set forth findings of fact and conclusions of law sufficient to allow meaningful appellate review in the event that petitioner elects to file an appeal.

Vacated and remanded.

**ISSUED:** July 30, 2020

**CONCURRED IN BY:**

Chief Justice Tim Armstead
Justice Margaret L. Workman
Justice Elizabeth D. Walker
Justice Evan H. Jenkins
Justice John A. Hutchison