# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**State of West Virginia,**
**Plaintiff Below, Respondent**

**vs.)  No. 19-0578** (Summers County 17-F-21)

**Jeremy Fountain,**
**Defendant Below, Petitioner**

**FILED**

**September 4, 2020**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Jeremy Fountain, self-represented litigant, appeals the Circuit Court of Summers County's May 29, 2019, order denying his motion to correct his sentence under Rule 35(a) of the West Virginia Rules of Criminal Procedure. Respondent State of West Virginia, by counsel Andrea Nease Proper, filed a response in support of the circuit court's order. Petitioner filed a reply.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

Petitioner was indicted on July 18, 2017, on five counts of burglary, four counts of grand larceny, one count of petit larceny, and two counts of destruction of property. The parties reached a plea agreement to resolve these charges, which required that petitioner plead guilty to the five burglary charges in exchange for the dismissal of the remaining charges. The parties made no agreement as to sentencing. The circuit court held a plea hearing on October 20, 2017, at which it accepted petitioner's plea and found that petitioner "freely, voluntarily, intelligently, and knowingly tendered unto this [c]ourt his guilty plea to the five (5) felony offenses of [b]urglary."

1

The parties appeared for sentencing on April 27, 2018.[1] After reviewing the presentence investigation report ("PSI") and considering the statements and arguments of counsel, the court denied petitioner's request for probation or other alternative sentence and sentenced him to indeterminate terms of not less than one nor more than fifteen years of incarceration for each burglary conviction.[2] The court further ordered that the sentences run consecutively.

On May 23, 2019, petitioner filed a "Motion for Sentence Reconsideration under Rule 35(a) of the West Virginia [Rules of] Criminal Procedure." In his motion, petitioner asserted that he had been diagnosed with anti-social personality disorder, bipolar disorder, adjustment disorder, post-traumatic stress disorder, and opioid dependence, and he claimed that as a result of at least some of these diagnoses, he had been awarded disability benefits from the United States Department of Veterans Affairs.[3] Petitioner stated that in 2008, he was determined to be incompetent to stand trial and to lack criminal responsibility by the Circuit Court of Monroe County, West Virginia,[4] and he claimed that, in 2017, the Circuit Court of Mercer County, West Virginia, suspended imposition of a prison sentence in favor of placing petitioner on probation due to his prior competency/criminal responsibility determinations and military service.[5] Further, petitioner asserted that the court sentenced him without reviewing his PSI. Thus, petitioner argued that he was "illegally held criminally responsible" for his acts in the instant matter.

The court denied petitioner's motion by order entered on May 29, 2019, and this appeal followed.

---

[1] Sentencing was continued on several occasions to afford petitioner the opportunity to complete substance abuse treatment.

[2] Petitioner's sentence is in accord with the statutory penalty for the crime of burglary. *See* W. Va. Code § 61-3-11(a) (providing that the penalty for burglary is imprisonment "for not less than one nor more than 15 years").

[3] Petitioner provided no corroboration of the alleged diagnoses or disability award.

[4] Petitioner appended an order entered on February 12, 2009, by the Circuit Court of Monroe County, West Virginia, detailing that petitioner had been found not competent to stand trial at an earlier point in those proceedings and had undergone inpatient treatment. Following successful treatment resulting in petitioner regaining competency, the February 12, 2009, order adjudged that petitioner was competent to stand trial and assist in the preparation of his defense. No mention was made of a determination on criminal responsibility.

[5] The May 22, 2018, order entered by the Circuit Court of Mercer County, West Virginia, and appended to petitioner's motion suspended imposition of a prison sentence for petitioner's breaking and entering, second-degree robbery, and grand larceny convictions, and placed petitioner on probation for seven years. Although the court recommended that petitioner be permitted to participate in a residential substance abuse treatment program, it made no express mention of petitioner's alleged mental illnesses or any factor they played in the court's sentencing decision.

On appeal, petitioner maintains that he is serving an illegal sentence and that it was imposed in an illegal manner. Petitioner represents that he suffers from various mental illnesses that arose following his military service. Petitioner argues that, as a result of the earlier determinations of his mental competency and criminal responsibility by the Monroe and Mercer County Circuit Courts and given the testimony of a representative from the Veterans Administration ("VA"), who reportedly testified at petitioner's sentencing in the underlying proceedings as to petitioner's mental illnesses and the treatment offered to him by the VA, the circuit court should have known that petitioner suffered from mental illnesses and ordered a psychological evaluation. Due to this failure, petitioner argues that his plea was involuntary. Petitioner also asserts that the circuit court failed to consider his PSI. For these reasons, petitioner states that the court erred in denying his motion to correct his purportedly illegal sentence.

West Virginia Rule of Criminal Procedure 35(a) provides that "[t]he court may correct an illegal sentence at any time and may correct a sentence imposed in an illegal manner within the time period provided herein for the reduction of sentence." The time period for correcting a sentence imposed in an illegal manner is, in petitioner's case, 120 days after the sentence was imposed.[6] W. Va. R. Crim. P. 35(b). Our review of a circuit court's ruling on Rule 35(a) motions is three-pronged: "We review the decision on the Rule 35 motion under an abuse of discretion standard; the underlying facts are reviewed under a clearly erroneous standard; and questions of law and interpretations of statutes and rules are subject to de novo review." Syl. Pt. 1, in part, *State v. Tex B.S.*, 236 W. Va. 261, 778 S.E.2d 710 (2015) (citation omitted).

We find no error in the court's denial of petitioner's Rule 35(a) motion.[7] In support of his motion, petitioner made a number of misrepresentations that were easily discovered by the circuit court, which stripped petitioner's Rule 35(a) motion of any competent support. First, petitioner was not determined to be incompetent or to lack criminal responsibility in his Mercer County action, nor did that court make any mention of mental illness in fashioning its sentence. Further, the order from that action supports no such assumption as to competency or criminal responsibility because petitioner was sentenced to a term of incarceration, which was suspended in favor of probation. *See* W. Va. Code §§ 27-6A-3 and -4 (outlining procedures for individuals found not competent to stand trial or to lack criminal responsibility). Concerning the Monroe

---

[6] Petitioner claims both that his sentence is illegal and that it was imposed in an illegal manner. Although he makes no distinction between the two showings—i.e., an illegal sentence and one imposed in an illegal manner—we note that to the extent his arguments address the alleged imposition of his sentence in an illegal manner, they are untimely as his Rule 35(a) motion was filed well outside the 120-day time period.

[7] The State asserts that the claims made by petitioner are not cognizable under Rule 35(a). Because petitioner's Rule 35(a) motion and attached exhibits readily demonstrate that the motion is devoid of merit, we decline to determine—and expressly make no pronouncements on—the scope of that Rule here.

3

County action, the order submitted to support petitioner's claim that he was deemed incompetent to stand trial and lack criminal responsibility, in fact, deems him competent to stand trial and assist counsel in the preparation of his defense. The record also belies petitioner's claims that a representative from the VA testified on his behalf at sentencing and that the court did not consider his PSI: no representative testified, the parties discussed petitioner's PSI on the record, and the court detailed that it considered the PSI in its order. Finally, the circuit court made a specific determination that petitioner's plea was "freely, voluntarily, intelligently, and knowingly tendered unto" the court. Thus, petitioner's claims of an illegal sentence were baseless, and the court did not err in denying his Rule 35(a) motion.[8]

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:**

**CONCURRED IN BY:**

Chief Justice Tim Armstead
Justice Margaret L. Workman
Justice Elizabeth D. Walker
Justice Evan H. Jenkins
Justice John A. Hutchison

---

[8] Petitioner filed a motion with this Court on July 21, 2019, requesting appointment of counsel to assist with his appeal. On August 9, 2019, this Court refused that motion. On June 16, 2020, petitioner filed a second motion with this Court requesting appointment of counsel "to help with the proceedings of my appeal that is now mature and pending before the Court." Because the circuit court properly denied petitioner's Rule 35(a) motion, we deny his motion for appointment of counsel.