# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

**State of West Virginia,**
**Plaintiff Below, Respondent**

**vs.) No. 19-0932** (Marion County 17-F-73)

**Timothy Arthur Lambert,**
**Defendant Below, Petitioner**

**FILED**
**November 4, 2020**
EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Timothy Arthur Lambert, self-represented litigant, appeals the October 1, 2019, order of the Circuit Court of Marion County denying his motion for correction of sentence. Respondent State of West Virginia, by counsel Karen Villanueva-Matkovich, filed a response in support of the circuit court's order.

The Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

On April 28, 2017, petitioner was charged by information in the Circuit Court of Marion County of first-degree robbery pursuant to West Virginia Code § 61-2-12(a); conspiracy to commit a felony pursuant to West Virginia Code § 61-1-31; and delivery of a controlled substance (cocaine) pursuant to West Virginia Code § 60A-4-401(a)(i). On that same date, petitioner and the State entered into a plea agreement. Relevant here, petitioner agreed to plead guilty to the charges set forth in the information in exchange for the State's agreement that, upon the circuit court's acceptance of petitioner's pleas,

the State will move the [c]ourt to dismiss Bound-Over Case No. 16-B-294 and to incorporate Magistrate Case Nos. 16-F-400 and 16-F-401 and Bound-Over Case

1

[Nos.] 16-B-327 and 16-B-328 into this agreement and to dismiss any other charges contained in said numbers.

The State further agreed to "recommend that any sentences be served concurrently and . . . not recommend more than a definite term of thirty years [for] the offense of [r]obbery in the [f]irst [d]egree." Finally, the plea agreement provided that it was made pursuant to Rule 11(e)(1)(B) of the West Virginia Rules of Criminal Procedure and, therefore, that "if the [c]ourt does not accept the [sentencing] recommendation request of the State, [petitioner] nevertheless has no right to withdraw his plea[s]."[1]

At an April 28, 2017, hearing, petitioner entered his guilty pleas pursuant to the plea agreement. The circuit court accepted the pleas and dismissed the charges designated for dismissal by the plea agreement. Following a September 25, 2017, hearing, the circuit court sentenced petitioner to a definite term of thirty years of incarceration for first-degree robbery,[2] an indeterminate term of one to five years of incarceration for conspiracy to commit a felony,[3] and an indeterminate term of one to fifteen years of incarceration for delivery of a controlled substance (cocaine).[4] The circuit court ordered that petitioner serve the sentences concurrently and receive credit for time previously served "in the amount of two hundred ninety-eight (298) days[.]" Finally, the circuit court directed that a certified copy of its October 31, 2017, sentencing order be sent to the West Virginia Division of Corrections (now the West Virginia Division of Corrections and Rehabilitation ("DCR") pursuant to West Virginia Code § 15A-3-2(a)).

On December 28, 2017, petitioner filed a motion for reduction of sentence, and the circuit court entered a resentencing order on June 21, 2019. In the resentencing order, the circuit court noted that "the State does not oppose a reduction in sentence" and reduced petitioner's sentence for first-degree robbery from thirty years of incarceration to twenty years of incarceration. The

---

[1]In Syllabus Point 1 of *State ex rel. Forbes v. Kaufman*, 185 W. Va. 72, 404 S.E.2d 763 (1991), we held:

> Where the state agrees to make a sentencing recommendation and enters into a plea agreement with the defendant pursuant to Rule 11(e)(1)(B) of the West Virginia Rules of Criminal Procedure, the trial court is not bound to impose the sentence recommended by the state if it accepts the plea agreement.

[2]West Virginia Code § 61-2-12(a) provides that a person guilty of first-degree robbery "shall be imprisoned in a state correctional facility not less than ten years."

[3]West Virginia Code § 61-10-31 provides that a person guilty of conspiracy to commit a felony "shall be punished by imprisonment in the penitentiary for not less than one nor more than five years[.]"

[4]West Virginia Code § 60A-4-401(a)(i) provides that a person guilty of delivery of a controlled substance (cocaine) "may be imprisoned in a state correctional facility for not less than one year nor more than 15 years."

circuit court left all other provisions of the October 31, 2017, sentencing order undisturbed and directed that a certified copy of the June 21, 2019, resentencing order be sent to the DCR.

On July 24, 2019, the DCR issued petitioner an inmate time sheet reflecting that, in light of the June 21, 2019, resentencing order, his minimum discharge date was December 1, 2026, and noted that "the minimum discharge date is the earliest date [petitioner] can expect to be released from [DCR] custody *if [petitioner is] not released on parole[.]*" (Emphasis added). The time sheet advised that "questions regarding the minimum discharge date should be addressed to [petitioner's] institution's records clerk" and, if there were sentencing errors, petitioner should "contact [his] attorney or the circuit clerk to request an amended order." The time sheet did not set forth a parole eligibility date ("PED"), but stated that "any questions regarding [petitioner's] PED needs [sic] to be sent in writing to the [West Virginia] Parole Board."

On September 26, 2019, petitioner filed a motion for correction of sentence in the circuit court, alleging that the DCR miscalculated his PED based upon information provided in the June 21, 2019, resentencing order. By order entered on October 1, 2019, the circuit court denied the motion, finding that petitioner "is not entitled to the relief sought."

On October 11, 2019, petitioner filed an appeal from the circuit court's October 1, 2019, order. By scheduling order entered on October 15, 2019, this Court advised that, because petitioner was appealing the denial of a motion for correction of sentence, his arguments on appeal "must relate only to the circuit court's decision not to correct . . . petitioner's sentence."

Our standard of review of an order denying a correction of a sentence under Rule 35 has been stated as follows:

> "In reviewing the findings of fact and conclusions of law of a circuit court concerning an order on a motion made under Rule 35 of the West Virginia Rules of Criminal Procedure, we apply a three-pronged standard of review. We review the decision on the Rule 35 motion under an abuse of discretion standard; the underlying facts are reviewed under a clearly erroneous standard; and questions of law and interpretations of statutes and rules are subject to a *de novo* review." Syllabus point 1, *State v. Head*, 198 W.Va. 298, 480 S.E.2d 507 (1996).

Syl. Pt. 1, *State v. Tex B.S.*, 236 W. Va. 261, 778 S.E.2d 710 (2015). Rule 35 provides, in pertinent part:

> **(a) Correction of Sentence**. The court may correct an illegal sentence at any time and may correct a sentence imposed in an illegal manner within the time period provided herein for the reduction of sentence.

> **(b) Reduction of Sentence.** A motion to reduce a sentence may be made, or the court may reduce a sentence without motion within 120 days after the sentence is imposed . . . .

3

On appeal, petitioner's argument that the circuit court erred in denying his Rule 35(a) motion is confusing. The State interprets petitioner's motion in two ways. First, the State presumes petitioner means to argue that his sentences were imposed in an illegal manner, which would subject the motion to the 120-day time limit set forth in Rule 35(b). We note that, as the circuit court entered the resentencing order on June 21, 2019, petitioner's Rule 35(a) motion was timely filed on September 26, 2019. *See* Syl. Pt. 2, *State ex rel. State v. Sims*, 239 W. Va. 764, 806 S.E.2d 420 (2017) (holding that, with regard to Rule 35(b), the 120-day time limit is jurisdictional).

Second, the State presumes that, although petitioner filed a Rule 35(a) motion, he fails to argue that his sentences were illegal or imposed in an illegal manner. We agree and find that petitioner does not argue that the June 21, 2019, resentencing order set forth illegal sentences or any other provision inconsistent with the plea agreement.[5] Petitioner argues only that the DCR *miscalculated* his PED based upon information provided in the June 21, 2019, resentencing order.

We find that, contrary to this Court's admonition set forth in our October 15, 2019, scheduling order, petitioner's argument fails to address "the circuit court's decision not to correct . . . petitioner's sentence." As we noted in *Layne v. Siefert*, No. 101278, 2012 WL 2874240 (W. Va. Jan. 13, 2012) (memorandum decision), "Rule 35 contemplates correction or reduction of a criminal sentence[.]" *Id.* at *1; *see State v. Stephens*, No. 15-0291, 2016 WL 765746, at *2 (W. Va. February 26, 2016) (memorandum decision) (finding that a challenge to the legality of the underlying plea does not come "within the meaning of [Rule 35(a)]"); Syl. Pt. 2, *State v. Marcum*, 238 W. Va. 26, 792 S.E.2d 37 (2016) (holding that defendants may not challenge their convictions or the validity of their sentencing pursuant to Rule 35(b)). Here, the circuit court granted petitioner a reduction of his sentence in the June 21, 2019, resentencing order, and petitioner does not argue that the resentencing order needs correction. Therefore, we conclude that the circuit court did not abuse its discretion in denying the Rule 35(a) motion for correction of sentence.[6]

For the foregoing reasons, we affirm the circuit court's October 1, 2019, order denying petitioner's motion for correction of sentence.

Affirmed.

---

[5]Even if petitioner had argued that the June 21, 2019, resentencing order set forth a provision inconsistent with the plea agreement, we have previously found that it is improper to challenge the legality of the underlying plea in a Rule 35(a) motion as such an argument does not come "within the meaning of the rule." *State v. Stephens*, No. 15-0291, 2016 WL 765746, at *2 (W. Va. February 26, 2016) (memorandum decision). Similarly, "Rule 35(b) is not a mechanism by which defendants may challenge their convictions and/or the validity of their sentencing." Syl. Pt. 2, *State v. Marcum*, 238 W. Va. 26, 792 S.E.2d 37 (2016).

[6]If petitioner believes that his PED has been miscalculated, his inmate time sheet advises that he write to the West Virginia Parole Board regarding that issue.

4

**ISSUED:** November 4, 2020


**CONCURRED IN BY:**

Chief Justice Tim Armstead
Justice Margaret L. Workman
Justice Elizabeth D. Walker
Justice Evan H. Jenkins
Justice John A. Hutchison